IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | |
|---|---|
| COMMUNITY FINANCIAL SERVICES ASSOCIATION OF AMERICA, LTD. *et al.*, <br><br> Plaintiffs, <br><br> v. <br><br><br> CONSUMER FINANCIAL PROTECTION BUREAU *et al.*, <br><br> Defendants. | Civil Action No. 1:18-cv-295 |

**JOINT MOTION FOR STAY OF LITIGATION AND
STAY OF AGENCY ACTION PENDING REVIEW**

Plaintiffs Community Financial Services Association of America, Ltd., and Consumer Service Alliance of Texas, and Defendants Consumer Financial Protection Bureau (the "Bureau") and John Michael Mulvaney, by and through undersigned counsel, hereby move for (i) a stay of this litigation pending agency rulemaking to reconsider the Bureau's final rule on payday, vehicle title, and certain high-cost installment loans (the "Payday Rule" or "Rule"), 82 Fed. Reg. 54,472 (Nov. 17, 2017); (ii) a stay of the compliance date set forth in the Payday Rule until 445 days after final judgment in this litigation; and (iii) a waiver of the Bureau's obligation to file an answer in this case. In support of this motion, the parties state as follows:

1.      On November 17, 2017, the Bureau published the Payday Rule in the Federal Register. *See* 82 Fed. Reg. 54,472. The Payday Rule imposes various requirements on the extension and collection of certain consumer loans, including payday loans, vehicle-title loans, and longer-term loans with balloon payments. The Bureau's economic analyses showed that the

Rule could decrease the volume of certain types of loans covered by the Rule by 51 to 93

percent.  82 Fed. Reg. at 54,826–27.

2.    Although the Payday Rule became effective on January 16, 2018, the majority of

the Rule's substantive provisions "have a compliance date of August 19, 2019."  82 Fed. Reg. at

54,472.  The one exception is a provision governing how companies can apply to be "registered

information systems" to which lenders must furnish information about covered loans.  *See*

82 Fed. Reg. at 54,472; 12 C.F.R. § 1041.11.  The Payday Rule set April 16, 2018, as the

application deadline to submit an application for preliminary approval for registration of an

information system.  *Id.* at 54,472, 54,883.  The twenty-one month delay between publication in

the Federal Register and the compliance date reflects a judgment by the Bureau that a substantial

period was needed to give entities sufficient time "to register information systems" and give

lenders sufficient time "to onboard to registered information systems before the compliance

date."  82 Fed. Reg. at 54,776.

3.    On April 9, 2018, Plaintiffs, two trade associations whose members are engaged

in the business of offering or facilitating payday loans and similar consumer financial products,

filed the instant action seeking an order and judgment holding unlawful, enjoining, and setting

aside the Payday Rule.  Plaintiffs raised several claims, including that the Rule constitutes

unconstitutional agency action because the director of the Bureau is shielded from removal by

the President in violation of the separation of powers; that the Rule is in excess of the Bureau's

statutory authority; and that the Rule is arbitrary and capricious under the Administrative

Procedure Act (APA).

4.    On January 16, 2018, the Bureau announced that it "intends to engage in a

rulemaking process so that the Bureau may reconsider the Payday Rule."  CFPB, *Statement on*

*Payday Rule* (Jan. 16, 2018), *available at* https://www.consumerfinance.gov/about-us/ newsroom/cfpb-statement-payday-rule.  The Bureau further stated that it would entertain requests from any potential applicants for waiver of the April 16, 2018, deadline for applications for preliminary approval to become a registered information system.  *See id.*  Recognizing that efforts to comply with the April 16, 2018, deadline could cause companies to engage in unnecessary or premature work, the Bureau has granted a waiver from that deadline to all companies that have requested one.  *See, e.g.*, Letter from Jamie Robenseifner, Consumer Financial Protection Bureau, to Andrew Sheehan, Clarity Services, Inc. (Mar. 23, 2018), *available at* https://www.consumerfinance.gov/documents/6402/cfpb_ris-waiver-request_clarity-services_03-23-2018.pdf.  Those waivers do not have a fixed expiration date or establish a new deadline.  *See, e.g.*, *id.*

5.      In a Spring 2018 rulemaking agenda submitted to the Office of Management and Budget (OMB), the Bureau reiterated its intent to initiate a rulemaking to reconsider the Payday Rule and informed OMB that it expects to issue a notice of proposed rulemaking for this purpose by February 2019.  *See* https://reginfo.gov/public/do/eAgendaViewRule?pubId=201804&RIN =3170-AA80.

6.      The rulemaking process may result in repeal or revision of the Payday Rule and thereby moot or otherwise resolve this litigation or require amendments to Plaintiffs' complaint. Staying the litigation while the Bureau reconsiders the Payday Rule would therefore conserve judicial resources, the time of this Court, and expense to the parties, and potentially avoid the need for further litigation.

7.      Accordingly, the parties respectfully request that the Court stay this case for the duration of the rulemaking process.  Defendants will provide the Court with periodic status

reports during the pendency of the stay, and will promptly inform the Court as soon as the rulemaking process is complete.  In the event that the rulemaking process does not entirely moot Plaintiffs' claims, the parties will propose a schedule for proceeding with this case promptly thereafter.

8.      The parties agree that filing an answer to the complaint would not aid in resolution of this matter and accordingly request that Defendants be excused from that obligation.

9.      It is also appropriate to stay the Payday Rule's compliance date while this litigation is pending.  Section 10(d) of the Administrative Procedure Act provides:

> On such conditions as may be required and to the extent necessary to prevent irreparable injury, the reviewing court … may issue all necessary and appropriate process to postpone the effective date of an agency action or to preserve status or rights pending conclusion of the review proceedings.

5 U.S.C. § 705.

10.      A stay of the compliance date pending judicial review is necessary to prevent irreparable injury.  Plaintiffs represent that, as reflected by the Bureau's decision to include in the Payday Rule a twenty-one-month delay of the compliance date, Plaintiffs' members will need to make time-consuming and costly changes to their business practices in order to prepare to comply with the Rule; some will have to evaluate whether they can even afford to continue operating.  None of these expenditures will be compensable by money damages should the Payday Rule be invalidated or repealed.  A stay of the compliance date is particularly appropriate because the Bureau's decision to initiate rulemaking to reconsider the Payday Rule creates inherent uncertainty.  There is no way to know whether Plaintiffs' members will ultimately need to comply with the Payday Rule, a modified payday rule, or no rule at all.  Thus, if the compliance date is not stayed, Plaintiffs' members will need to take costly steps now to prepare

to comply with regulations that may never take effect.  Finally, a stay of the compliance date is necessary to preserve the status quo pending judicial review because, if the Court grants the parties' request to stay this litigation during the pendency of the Bureau's rulemaking proceedings, judicial review is unlikely to be complete before August 19, 2019, when Plaintiffs' members will have to actually comply (and not just prepare to comply) with the Payday Rule.

11.     The parties agree that Plaintiffs have presented "a substantial case on the merits" on at least some of their claims.  *See Texas v. EPA*, 829 F.3d 405, 424, 435 (5th Cir. 2016) (applying factors governing stays pending appeal to decision on stay under § 705 of the APA); *Weingarten Realty Investors v. Miller*, 661 F.3d 904, 910 (5th Cir. 2011) ("where there is a serious legal question involved and the balance of equities heavily favors a stay … the movant only needs to present a substantial case on the merits").  In addition, the "balance of equities heavily favors a stay," particularly in light of the irreparable injury that Plaintiffs face and the fact that the Payday Rule is currently under reconsideration.  Should the court determine that additional explanation of the factors warranting a stay would help it resolve this motion, the parties stand ready to provide the Court with briefing upon request.

12.     The parties therefore request that the Court stay the compliance date of the Payday Rule until final judgment in this litigation.  In addition, to ensure that Plaintiffs' members and applicants for registered information systems have sufficient time to prepare their operations for compliance with the Payday Rule in the event Plaintiffs' claims are unsuccessful, the parties request that the Court's stay of the compliance date extend for 445 days from the date of final judgment.  This extension of the stay would preserve the amount of time for bringing their operations into compliance that Plaintiffs' members currently have from the date of this motion to the Payday Rule's current compliance date of August 19, 2019.

Dated:  May 31, 2018                              Respectfully submitted,


MARY McLEOD                                       /s/ Michael A. Carvin
General Counsel                                       MICHAEL A. CARVIN
                                                        D.C. Bar No. 366784
JOHN R. COLEMAN                                         Admitted *pro hac vice*
Deputy General Counsel                                  macarvin@jonesday.com
                                                      CHRISTIAN G. VERGONIS
STEVEN Y. BRESSLER                                      D.C. Bar No. 483293
Assistant General Counsel                               Admitted *pro hac vice*
                                                        cvergonis@jonesday.com
/s/ *Kristin Bateman*                                 **JONES DAY**
KRISTIN BATEMAN                                       51 Louisiana Avenue NW
Cal. Bar No. 270913                                   Washington, DC 20001
KEVIN E. FRIEDL                                       Telephone: (202) 879-3939
NY Bar No. 5240080                                    Facsimile: (202) 626-1700
NANDAN JOSHI
D.C. Bar No. 456750
Attorneys                                             LAURA JANE DURFEE
Consumer Financial Protection Bureau                    Texas Bar No. 24069653
1700 G Street, NW                                       ldurfee@jonesday.com
Legal Division                                        **JONES DAY**
Washington, D.C. 20552                                2727 North Hardwood Street
Telephone: (202) 435-7821                             Dallas, TX 75201
Fax: (202) 435-7024                                   Telephone: (214) 220-3939
Kristin.Bateman@cfpb.gov                              Facsimile: (214) 969-5100


*Counsel for Defendants*                          *Counsel for Plaintiffs*

## CERTIFICATE OF SERVICE

I hereby certify that on the 31st day of May 2018, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will send notification of such filing to all counsel of record.

/s/ *Laura Jane Durfee*
Laura Jane Durfee