IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | |
|---|---|
| COMMUNITY FINANCIAL SERVICES ASSOCIATION OF AMERICA, LTD. *et al.*, <br><br> Plaintiffs, <br><br> v. <br><br> CONSUMER FINANCIAL PROTECTION BUREAU *et al.*, <br><br> Defendants. | Civil Action No. 1:18-cv-295 |

## UNOPPOSED MOTION FOR RECONSIDERATION

Plaintiffs respectfully move for reconsideration of this Court's order dated June 12, 2018. That order denied a stay of the Payday Rule's compliance date pending resolution of this action while at the same time staying this action. Reconsideration is warranted because, by severing two proposals that are inextricably intertwined, the June 12 order undermines the very purpose of the joint motion. Specifically, staying the litigation without staying the Rule's compliance date does nothing to facilitate orderly resolution of this case, but merely threatens to improperly cut off Plaintiffs' right to timely judicial review of the Rule.[1]

Plaintiffs filed this lawsuit seeking to set aside the Payday Rule before its substantive requirements go into effect on August 19, 2019. Ordinarily, that would require prompt judicial resolution of Plaintiffs' novel and complex constitutional, statutory, and administrative claims. But the Bureau announced that it intends to reconsider the Payday Rule through notice-and-comment rulemaking, thereby potentially mooting this controversy, although the Bureau does

---

[1] Counsel for Defendants have advised that Defendants consent to the relief requested by this motion and intend to file a separate memorandum in support.

not expect that rulemaking to *begin* until February 2019, just six months before the Rule's compliance date.

The Bureau's decision, including its timing, gives rise to a dilemma.  On the one hand, the parties and the Court could devote resources to resolving Plaintiffs' claims through motions for a preliminary injunction and for summary judgment.  But this option might well be needlessly wasteful, because an eventual decision by the Bureau to repeal or replace the Payday Rule would make it unnecessary to finally resolve those claims.  On the other hand, the parties could sit back and wait for the Bureau's reconsideration to run its course.  But this option creates the clear danger of depriving Plaintiffs of their right to judicial review of the Rule before it goes into effect, since it is quite likely that the rulemaking will not be completed well in advance of August 19, 2019.  Even aside from this clear danger, doing nothing is not an option for Plaintiffs because their members are currently experiencing irreparable harm as they make necessary, time-consuming, and costly changes to their business practices to prepare for compliance with the Rule and try to operate their businesses under a cloud of uncertainty about the future of their industry.

In their joint motion, the parties offered a solution to this dilemma.  They proposed that the Court combine a stay of litigation with a stay of the Rule's compliance dates.  This combination of relief, the parties explained, would relieve the parties and the Court of the burdens of litigation that might not be needed, while at the same time protecting Plaintiffs' members from having to comply with, and prepare for compliance with, an allegedly invalid rule. Both prongs of the requested relief were essential.  Staying the Rule without staying the action would protect Plaintiffs' members but not prevent possibly unnecessary litigation, while staying the action without staying the Rule would preserve resources but not protect Plaintiffs' members

from the burdens of the Rule or preserve Plaintiffs' right to judicial review of the Rule.  For the reasons set forth in the joint motion and in Plaintiffs' response to the amicus opposition, such relief is authorized and appropriate here.

But rather than grant or deny the motion in full, the Court's order severed these two inextricably intertwined proposals.  The order thereby granted a combination of relief that was not requested by the parties, and which undermines, rather than furthers, their agreed-upon solution to the dilemma discussed above.  Staying the litigation while denying a stay of the Rule relieves the parties and the Court of the *burdens* of litigation, but it does so without relieving Plaintiffs of the *need* for litigation.  Yet Plaintiffs have a right to timely, pre-enforcement judicial review of the Payday Rule.  *See Abbott Labs. v. Gardner*, 387 U.S. 136, 153–54 (1967); 5 U.S.C. § 702.  By staying the action without staying the Rule, however, the Court's order seemingly cuts off that right.  Thus, absent a stay of the compliance date, Plaintiffs will have no tenable option other than to file a motion for preliminary injunction (and a lift of the litigation stay). Since that will require to Court and the parties to engage in precisely the potentially hypothetical and wasteful litigation that led the Court to stay the litigation, this alternative is obviously unwarranted.  Accordingly, to foreclose this undesirable course but still preserve Plaintiffs' fundamental due process rights, the litigation stay must be coupled with a stay of the Rule's compliance date.

For these reasons, Plaintiffs respectfully request that the Court reconsider its June 12 order and stay the compliance date of the Payday Rule in accordance with the terms set forth in the joint motion.

Dated:  June 21, 2018                       Respectfully submitted,


*/s/ Laura Jane Durfee*_____
 MICHAEL A. CARVIN
  D.C. Bar No. 366784
  Admitted *pro hac vice*
  macarvin@jonesday.com
 CHRISTIAN G. VERGONIS
  D.C. Bar No. 483293
  Admitted *pro hac vice*
  cvergonis@jonesday.com
 **JONES DAY**
 51 Louisiana Avenue NW
 Washington, DC 20001
 Telephone: (202) 879-3939
 Facsimile: (202) 626-1700


 LAURA JANE DURFEE
  Texas Bar No. 24069653
  ldurfee@jonesday.com
 **JONES DAY**
 2727 North Hardwood Street
 Dallas, TX 75201
 Telephone: (214) 220-3939
 Facsimile: (214) 969-5100


 *Counsel for Plaintiffs*

**CERTIFICATE OF SERVICE**

I hereby certify that on the 21st day of June 2018, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will send notification of such filing to all counsel of record.

/s/ *Laura Jane Durfee*
Laura Jane Durfee