IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | |
|---|---|
| COMMUNITY FINANCIAL SERVICES ASSOCIATION OF AMERICA, LTD., *et al*.<br><br>    *Plaintiffs,*<br><br>v.<br><br>CONSUMER FINANCIAL PROTECTION BUREAU, *et al.*,<br><br>    *Defendants.* | Civil Action No. 1:18-cv-295 |

**DEFENDANTS' RESPONSE TO AMICI'S MOTION
FOR LEAVE TO FILE AMICUS MEMORANDUM**

Defendants Bureau of Consumer Financial Protection and Mick Mulvaney, in his official capacity as Acting Director of the Bureau, take no position on the motion by amici seeking leave to file an additional amicus memorandum in this case (ECF No. 32). Defendants respectfully respond to note, however, that the substance of the proposed memorandum would not materially affect the resolution of the pending Motion for Reconsideration.

**I.   A Section 705 Stay is Appropriate Here Where This Litigation Remains Pending**

As Defendants have explained, it is appropriate for the Court to stay the compliance date of the Payday Rule as the parties requested. Amici's proposed memorandum repeats their arguments that § 705 of the Administrative Procedure Act cannot be invoked if litigation has been stayed. The gravamen of amici's position is that this Court could have stayed (or enjoined) the Rule's compliance date and *then* stayed the litigation, but that the Court cannot stay the litigation and then, while that litigation remains pending but stayed, also stay the Rule's

compliance date. *See* Proposed Amicus Br. at 3-4 (ECF No. 32-2). There is no basis for that distinction. (And, in any event, this argument overlooks the fact that the parties' Joint Motion sought the combined relief of *simultaneous* stays of the Rule and of the litigation.)

Amici cite several cases—all involving stays issued by agencies, rather than courts, under a different part of § 705 that gives agencies narrower authority than courts have to stay agency actions—for the proposition that a stay is not proper under § 705 "simply because litigation … *happens to be pending*." *Id.* at 3. But even if that proposition is correct, it has no application in this case, where the parties seek a stay of the Rule in light of the substantial case on the merits that Plaintiffs have presented on certain of their claims and in order to prevent irreparable injury that may result before this case is decided. The parties thus have provided precisely the "rational connection between [the § 705] stay and the underlying litigation" that would be required under the cases amici cite. *Sierra Club v. Jackson*, 833 F. Supp. 2d 11, 34 (D.D.C. 2012).

That subsequent action by the Bureau may ultimately relieve the Court and the parties of the burden of pursuing this case to final judgment does not change this analysis. The litigation remains pending and, should the Court determine that the current stay of the litigation is no longer warranted, the case will progress in the ordinary course. Moreover, nothing in § 705 suggests that provision can only be invoked in circumstances where litigation is certain to result in a final judgment on the merits, rather than being resolved by settlement or other means. (If that were the rule, it is doubtful a court could ever invoke § 705.) Indeed, the Fifth Circuit recently stayed an agency rule under § 705 and then, while keeping the stay in place, remanded the rule to the agency for it to undertake reconsideration that might obviate the need for the case to proceed to final judgment on the merits. *Texas v. EPA*, 829 F.3d 405 (5th Cir. 2016); Order, *Texas v. EPA*, No. 16-60118 (5th Cir. Mar. 22, 2017).

II.  **The Request for a Stay Satisfies the Applicable Four-Factor Test**

Similarly, amici's proposed memorandum does not call into doubt that the four-factor stay test has been satisfied. Amici assert that Plaintiffs are "highly unlikely" to succeed on the merits of their claims about the evidence on which the Rule's central findings of unfairness and abusiveness are based because, in issuing the Rule, the Bureau considered and rejected those arguments. Amicus Br. at 6. But the fact that the Bureau was previously aware of concerns about the evidence underpinning the Rule is hardly dispositive of the merits of Plaintiffs' claims, let alone whether they made the preliminary showing of a substantial case on the merits. Amici also dispute the Bureau's discussion of irreparable harm and the public interest, asserting that the Bureau's filings have "entirely failed to consider the benefits of the Rule." *Id.* Not so. The Bureau took this consideration into account but noted that any potential harm to consumers from staying the Rule is inherently uncertain here given the questions that have been raised about the evidence and legal determinations underpinning the Rule's conclusions. Defs.' Response in Support of Reconsiderations, at 19 (ECF No. 34).

Dated:  June 29, 2018                    Respectfully submitted,

                                                MARY McLEOD
General Counsel

JOHN R. COLEMAN
Deputy General Counsel

STEVEN Y. BRESSLER
Assistant General Counsel

/s/ Kevin E. Friedl
KEVIN E. FRIEDL (NY Bar No. 5240080)
KRISTIN BATEMAN (Cal. Bar No. 270913)
NANDAN JOSHI (DC Bar No. 456750)
Attorneys
Consumer Financial Protection Bureau
1700 G Street, NW
Legal Division

Washington, DC 20552
Telephone: (202) 435-9268
Fax: (202) 435-7024
Kevin.Friedl@cfpb.gov

*Counsel for Defendants Consumer Financial Protection Bureau and John Michael Mulvaney*

## CERTIFICATE OF SERVICE

I hereby certify that on June 29, 2018, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will send notification of such filing to all counsel of record.

/s/ Kevin E. Friedl
Kevin E. Friedl
*Counsel for Defendants*
