UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | |
|---|---|
| COMMUNITY FINANCIAL SERVICES ASSOCIATION OF AMERICA, LTD., and CONSUMER SERVICE ALLIANCE OF TEXAS,<br><br>Plaintiffs,<br><br>v.<br><br>CONSUMER FINANCIAL PROTECTION BUREAU and JOHN MICHAEL MULVANEY,<br><br>Defendants. | Civil Action No. 1:18-cv-295-LY |

AMICUS MEMORANDUM OF PUBLIC CITIZEN, INC.,
AMERICANS FOR FINANCIAL REFORM EDUCATION FUND, CENTER FOR
RESPONSIBLE LENDING, AND NATIONAL CONSUMER LAW CENTER
IN OPPOSITION TO PLAINTIFFS' MOTION FOR RECONSIDERATION

Having properly denied the parties' request for a stay of the Consumer Financial Protection Bureau (CFPB) Payday Rule pursuant to 5 U.S.C. § 705, the Court should deny plaintiffs' motion for reconsideration. The Court can stay agency action under section 705 only "to make judicial review effective," H.R. Rep. No. 79-1980, at 277 (1946), and after considering the four factors that apply to a stay pending appeal, *see Texas v. U.S. EPA*, 829 F.3d 405, 424, 435 (5th Cir. 2016). Here, where the parties sought and received a stay of the litigation, a section 705 stay would be improper.

I.  **Section 705 provides for a stay during judicial review and is not appropriate where the litigation is stayed.**

Plaintiffs in effect request a court injunction providing the ultimate relief they seek—the setting aside of the Payday Rule until the CFPB repeals or replaces it—without the hassles of litigation or an agency rulemaking. Section 705 does not authorize a stay for those purposes.

1

By its plain language, a stay of agency action under the Administrative Procedure Act (APA), 5 U.S.C. § 705, is available only "to the extent necessary to prevent irreparable injury" "pending conclusion of [judicial] review proceedings." Section 705's purpose is to "make judicial review effective." H.R. Rep. No. 79-1980, at 277 (1946); S. Rep. No. 79-752, at 213 (1945) (similar). It "was primarily intended to reflect … the Scripps-Howard doctrine," a doctrine that recognized a court's limited authority to stay an agency action from which an appeal was taken, pending the determination of that appeal. *Sampson v. Murray*, 415 U.S. 61, 68 n.15, 72-76 (1974); *see also Scripps-Howard Radio v. FCC*, 316 U.S. 4, 9-17 (1942) (holding that the lower court had authority to stay an FCC order pending the court's review of that order). A court cannot "make time stand still." *Scripps-Howard*, 316 U.S. at 9. Instead, under the *Scripps-Howard* doctrine, a court can stay agency action pending court review for the purpose of "prevent[ing] irreparable injury to the parties or to the public resulting from the premature enforcement of a determination which may later be found to have been wrong," *id.*, because "judicial review would be an idle ceremony if the situation were irreparably changed before the correction could be made," *id.* at 10.

The language and purpose of section 705 fully support this Court's decision to deny the parties' request for a section 705 stay. Granting that request would turn *Scripps-Howard* and section 705 doctrine on its head. By insisting that they need both a stay of litigation while the CFPB reviews its rule and a section 705 stay, plaintiffs make clear that they seek a stay pending *agency* reconsideration, not *this Court's* consideration. Although plaintiffs invoke (at 1, 2, 3) their "right" to judicial review, they do not seek to ensure that the Court can provide meaningful judicial review—they seek to avoid court review altogether. *See* Pls. Mot. (Dkt. 30) at 2-3 (arguing that plaintiffs need a stay of litigation *and* a stay of the Payday Rule so that they can avoid the "*need* for litigation" as well as the "*burdens* of litigation").

Courts have repeatedly rejected section 705 stays where, as here, the parties' actions suggest that a stay would not be for the purpose of maintaining the status quo during the court's adjudication of the case. *See State v. U.S. Bureau of Land Mgmt.*, 277 F. Supp. 3d 1106, 1121-22 (N.D. Cal. 2017) (concluding that section 705 stay was not proper when an agency-issued stay notice referenced questions about the underlying rule, not the pending litigation; the agency had sought and received a lengthy extension of time in the relevant litigation; and the agency had relied on "future administrative review" and the attempted stay to justify such extension); *Becerra v. U.S. Dep't of Interior*, 276 F. Supp. 3d 953, 964 (N.D. Cal. 2017) (concluding that "because [an agency] sought and secured stays in the cases challenging the [rule at issue] …, [the agency] improperly invoked section 705 to suspend the effective date of the Rule pending its ultimate repeal rather than pending judicial review as required by section 705"); *Sierra Club v. Jackson*, 833 F. Supp. 2d 11, 33 (D.D.C. 2012) (concluding that section 705 was improperly invoked when "[t]he purpose and effect of the [stay] plainly are to stay the rules pending reconsideration, not litigation"). In short, a section 705 stay is not proper "simply because litigation … *happens to be pending.*" *Sierra Club*, 833 F. Supp. 2d at 34.[1]

The agency defendants are wrong to suggest that the "pending … review" requirement of section 705 is satisfied by a lawsuit stayed at the parties' request. And the cases on which the agency relies involve quite different circumstances: (a) preliminary injunctions that (b) courts issue during active litigation and (c) not in connection with joint action by the parties or to protect an agency's attempt to rewrite its own rules. For example, in *Franciscan Alliance, Inc. v. Price*, No.

---

[1] Cases regarding agency-issued section 705 stays are applicable here because for both court-ordered section 705 stays and agency-issued ones, section 705 requires that the stay be justified based on pending litigation. *See* 5 U.S.C. § 705.

7:16-cv-00108-O, 2017 WL 3616652 (N.D. Tex. July 10, 2017), on which the agency relies, the court issued a preliminary injunction and, only later, stayed the litigation in response to a motion by the defendants that the plaintiffs opposed. *Id.* at *1, 3, 5. In *League of Women Voters of United States v. Newby*, 238 F. Supp. 3d 6 (D.D.C. 2017), the preliminary injunction also issued when the litigation was active; the district court stayed the litigation only after remanding the matter to the agency to clarify an ambiguity and deferring a ruling on summary judgment motions due to that remand. *Id.* at *10, 16-17. Similarly, in *FBME Bank Ltd. v. Lew*, 142 F. Supp. 3d 70 (D.D.C. 2015), the court issued a preliminary injunction, and then stayed the litigation after granting a defendant agency's contested motion for a remand to address issues raised by the court in its injunction, *id.* at 71-76. Later in the same litigation, the court issued a section 705 stay after cross-motions for summary judgment were filed, "to enable thorough judicial review." *FBME Bank Ltd. v. Lew*, 200 F. Supp. 3d 299, 310 (D.D.C. 2016).[2]

    The agency also complains (at 18 n.9) of uncertainties and delays inherent in the notice-and-comment rulemaking procedures that the APA requires agencies to undertake when seeking to alter a final rule. Section 705, however, provides no authority for an end-run around APA requirements that an agency finds inconvenient. If the agency is unhappy with its own lawfully promulgated rule, the APA sets forth the procedures for issuing a new or revised regulation. *See* 5 U.S.C. § 553; *see, e.g.*, *Clean Air Council v. Pruitt*, 862 F.3d 1, 8-9, 14 (D.C. Cir. 2017) (vacating agency stay of its own rule announced without notice-and-comment rulemaking); *Open Cmtys. All. v. Carson*, 286 F. Supp. 3d 148, 162-63 (D.D.C. 2017) (similar, and collecting citations).

---

    [2] *Covington v. Schwartz*, 230 F. Supp. 249 (N.D. Cal. 1964), also cited by the agency, is also not analogous to the present circumstances. In that case, the court issued a section 705 stay to protect its ability to complete review of a case after the court remanded the matter to the agency for exhaustion of administrative remedies. *Id.* at 253, *aff'd as modified*, 341 F.2d 537 (9th Cir. 1965).

Elsewhere, the agency has used APA rulemaking to delay final rules. *E.g.*, 78 Fed. Reg. 32547 (May 31, 2013) (after notice-and-comment rulemaking, CFPB delaying effective date of final rule to allow time for agency to issue clarification); 78 Fed. Reg. 6025 (Jan. 29, 2013) (after notice-and-comment rulemaking, CFPB delaying effective date of a 2012 rule pending finalization of an additional rule to address three issues posed by the 2012 rule).

## II.    A stay is also improper because the parties have not satisfied the four-factor test.

Because a section 705 stay would not be proper in the circumstances of this case, the Court need not consider the agency's discussion of the four factors relevant to a stay pending appeal. The agency is wrong in suggesting that irreparable harm or the other three factors permit a section 705 stay where litigation is not proceeding. These factors do not substitute for (or themselves provide) an appropriate connection to a judicial review proceeding. *See generally Attorney General's Manual on the Administrative Procedure Act* 106-07 (1947) (recognizing that section 705 stays are proper only if the court considers equitable factors *and* the stay is issued as an exercise of authority "ancillary to … proceedings in which the court is reviewing final agency action").[3]

In any event, plaintiffs' motion for reconsideration does not mention the four-factor test. Although the agency discusses the four factors, its arguments lack merit. Two flaws are particularly notable.

---

[3] The *Attorney General's Manual* is available at https://heinonline.org/HOL/LandingPage?handle=hein.agopinions/atgmanp0001&div=1&src=home. The text is also available at: https://www.oalj.dol.gov/PUBLIC/APA/REFERENCES/REFERENCE_WORKS/AG09.HTM#SECTION10D.
The manual "is a contemporaneous interpretation previously given some deference by [the Supreme Court] because of the role played by the Department of Justice in drafting the [Administrative Procedure Act]." *Vermont Yankee Nuclear Power Corp. v. NRDC*, 435 U.S. 519, 546 (1978).

First, the agency offers no support for its assertion that plaintiffs have a "substantial case" on the merits of their challenge to the Payday Rule. To the contrary, the agency guesses at the details of a claim and, in so doing, presents reasons that plaintiffs are highly *unlikely* to prevail on it. Principally, the agency acknowledges (at 14-15) that it already recognized and responded, in the rulemaking proceeding, to the research that the agency assumes is at the heart of plaintiffs' claim. Further, the agency makes clear (at 14-15 nn. 5-6) that the legal conclusions at issue—that a certain lending practice is both unfair and abusive—may rest on grounds other than those that the agency now suggests are disputed.

Second, the agency's discussion of irreparable harm (at 16-17) and the public interest (at 19) rest on conflicting assumptions about whether the Payday Rule will go into effect. On the one hand, the agency suggests (at 16 & n.7, 19) that the Court should credit the most extreme of the CFPB's earlier hypotheses about the rule's potential impact on businesses. On the other hand, the agency argues (at 19) that the Court should discount the Payday Rule's benefits for consumers because it is "speculative" whether the rule will go into effect. In this way, the agency's discussion "took into account the costs to the … industry of complying with the Rule" but "entirely failed to consider the benefits of the Rule." *U.S. Bureau of Land Mgmt.*, 277 F. Supp. 3d at 1122-23 (holding that an agency-issued section 705 stay is arbitrary and capricious under such circumstances). Critically, the Payday Rule's benefits for consumers are significant, and any delay of the rule would harm the public interest by reducing them. *See* 82 Fed. Reg. 54472, 54835 (Nov. 17, 2017) (summarizing how the Payday Rule will benefit consumers by reducing the harms they suffer at the hands of payday and other lenders).

## CONCLUSION

For the foregoing reasons, the Court should deny plaintiffs' motion for reconsideration.

Dated: June 25, 2018                                        Respectfully submitted,

/s/ Rebecca Smullin
Rebecca Smullin (DC Bar No. 1017451)
*(admitted pro hac vice)*
Public Citizen Litigation Group
1600 20th Street NW
Washington, DC 20009
(202) 588-1000
Fax: (202) 588-7795
rsmullin@citizen.org

Aaron Johnson (TX Bar No. 24056961)
Equal Justice Center
510 S. Congress Avenue, Suite 206
Austin, Texas 78704
(512) 474-0007
Fax: (512) 474-0008
ajohnson@equaljusticecenter.org

*Counsel for Movants Public Citizen, Inc., Americans for Financial Reform Education Fund, Center for Responsible Lending, and National Consumer Law Center*

## CERTIFICATE OF SERVICE

      I hereby certify that on June 25, 2018, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will send notification of such filing to counsel for all parties.

/s/ Rebecca Smullin
Rebecca Smullin
