UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | |
|---|---|
| COMMUNITY FINANCIAL SERVICES ASSOCIATION OF AMERICA, LTD., and CONSUMER SERVICE ALLIANCE OF TEXAS, <br><br> Plaintiffs, <br><br> v. <br><br> CONSUMER FINANCIAL PROTECTION BUREAU and JOHN MICHAEL MULVANEY, <br><br> Defendants. | Civil Action No. 1:18-cv-295-LY |

REPLY MEMORANDUM IN SUPPORT OF MOTION
BY COOPERATIVE BAPTIST FELLOWSHIP
TO INTERVENE AS DEFENDANT

Rebecca Smullin (DC Bar No. 1017451)
*(admitted pro hac vice)*
Public Citizen Litigation Group
1600 20th Street NW
Washington, DC 20009
(202) 588-1000
rsmullin@citizen.org

Aaron Johnson (TX Bar No. 24056961)
Equal Justice Center
510 S. Congress Avenue, Suite 206
Austin, TX 78704
(512) 474-0007
Fax: (512) 474-0008
ajohnson@equaljusticecenter.org

*Counsel for Movant*

The Cooperative Baptist Fellowship (CBF) has moved to intervene as a defendant in this case, in light of its strong interest in the Payday Rule that plaintiffs challenge and the strong evidence that defendant Consumer Financial Protection Bureau (Bureau) no longer fully supports its own regulation. Importantly, the Bureau has not opposed CBF's motion to intervene.

Plaintiffs oppose the motion, arguing primarily that this case is of no concern to CBF because the Bureau may moot the need for defense of the Payday Rule through a notice of proposed rulemaking in February 2019. If plaintiffs were correct, however, that a potential future rulemaking obviated CBF's interest, plaintiffs' purported interest in a preliminary injunction would itself not exist because, between this month and February, there is nothing to enjoin, since the Rule's compliance date is in August 2019. Because plaintiffs seek to litigate now, intervention by CBF is also warranted now. The Bureau's mere intention to undertake a rulemaking in the future—an uncertain process distinct from this litigation—neither creates an exception to Federal Rule of Civil Procedure 24 nor gives plaintiffs a pass to litigate without adversarial proceedings.

I.     **The Court should grant CBF intervention of right.**

      **A.  CBF has protectable interests in this case.**

As explained in CBF's motion, CBF has two protectable interests in the Payday Rule's full and timely implementation. First, plaintiffs' challenge to the Payday Rule threatens to harm CBF's mission, resources, and daily work. In this regard, CBF's interest is similar to that of the plaintiffs in *OCA-Greater Houston v. Texas*, 867 F.3d 604, 610-12 (5th Cir. 2017), which recognized that an organization had standing to challenge statutory provisions that caused it to spend "additional time and effort" and "frustrate[d] and complicate[d] its … activities." There, the organization "went out of its way to counteract the effect of Texas's allegedly unlawful voter-interpreter restriction—not with a view toward litigation, but toward mitigating its real-world impact," and

the challenged provisions "perceptibly impaired" the organization's "ability to 'get out the vote,'" including because it had to "spend more time on each [voter education] call" and thus "reach[ed] fewer people in the same amount of time." *Id.* at 610, 612; *see also Scott v. Schedler,* 771 F.3d 831, 837 (5th Cir. 2014) (organization had standing because it "devoted resources to counteract" challenged practices). Here, CBF has gone "out of its way" to "counteract the effect[s]" of harmful lending practices, with "a view toward mitigating [their] real-world impact," including by spending "more time on" individual financial education engagements, and these efforts require resources that it would otherwise have available to reach more people through group financial education, to help domestic abuse victims, and to develop other ministry initiatives. *See* Appendix (Dkt. 45-1) at App. 1-9. That CBF's interest in its use of resources is also an economic one likewise supports intervention. *See Wal-Mart Stores, Inc. v. Texas Alcoholic Beverages Comm'n*, 834 F.3d 562, 567-68 (5th Cir. 2016) (collecting cases). Plaintiffs' assertions about the effects of a *ban* on payday loans, Dkt. 49 at 3-4, whether or not correct, are irrelevant because the Rule does not ban payday loans; it benefits consumers by restricting certain harmful practices broadly used in the payday lending industry. *See* 82 Fed. Reg. 54,472, 54,572-73, 54,587 (Nov. 17, 2017).[1]

Second, CBF has an interest in the Payday Rule that stems from its extensive campaign for the Rule. This "particular interest in cementing [its policy] victory," *City of Houston v. Am. Traffic Sols., Inc.*, 668 F.3d 291, 294 (5th Cir. 2012), is also direct, substantial, and analogous to interests the Fifth Circuit has deemed sufficient to support intervention. In *City of Houston*, intervenors had "organized a petition drive, and of course signed petitions" as part of a "political campaign" for a

---

[1] Although *OCA* and *Scott* concern standing to bring a case, the Fifth Circuit has "suggested that 'a movant who shows standing is deemed to have a sufficiently substantial interest to intervene.'" *Wal-Mart*, 834 F.3d at 566 & n.3 (describing intervention as requiring a lesser showing than standing).

2

law. *Id.* at 292. Here, CBF has pursued a years-long policy campaign involving advocating before the Bureau and assisting churches' efforts to do so, including by publishing educational materials for churches and hiring staff to help pastors and church members engage in their own advocacy for the Rule. *See* Appendix (Dkt. 45-1) at App. 3-4. Although plaintiffs would limit *City of Houston* to ballot measures, the Fifth Circuit has cited it in granting intervention of right in a case about a licensing and regulatory scheme. *See Wal-Mart*, 834 F.3d at 565, 567; *see also W. Energy All. v. Zinke*, 877 F.3d 1157, 1165 (10th Cir. 2017) (intervention supported by movants' "interest in preserving" a federal policy "they spent years negotiating and litigating").

Plaintiffs also argue that CBF has no protectable interest because the Bureau may repeal the Rule. The Bureau, however, has stated only that it plans to release a proposal, with an unknown scope, early next year. *See* Joint Status Rpt. (Dkt. 38). Denying intervention where a proper showing is otherwise made on the ground that the agency might change the challenged rule in the future would lead to a nonsensical narrowing of Federal Rule 24. Further, if such an announcement rendered CBF's interests hypothetical and speculative, it would have the same effect on plaintiffs' interests, putting their own standing into question. Moreover, because the Bureau will not complete its reconsideration before the August 2019 compliance date, *see* Resp. in Supp. of Pls.' Mot. for Recons. (Dkt. 34) at 1, CBF, like plaintiffs, has a current concrete interest in the Payday Rule and the outcome of this case.

**B. This action may impair or impede CBF's interests.**

Plaintiffs do not contest that "disposing of [this] action may as a practical matter impair or impede [CBF's] ability to protect its interest[s]." Fed. R. Civ. P. 24(a)(2). Instead, they suggest CBF should let the existing parties proceed alone on the proposed preliminary injunction motion, and later ask the Court to reconsider any unfavorable decision. Dkt. 49 at 8-9. Rule 24 does not

3

support such an approach. Indeed, if CBF took plaintiffs' suggestion, its delay would weigh against its request to intervene. *Cf. Wal-Mart*, 834 F.3d at 565 (finding intervention timely when intervenor "did not seek to … reconsider phases of the litigation that had already concluded").

Further, because all of plaintiffs' claims and the case as a whole implicate CBF's interests, early participation is warranted. *Cf. Entergy Gulf States La., LLC v. U.S. EPA*, 817 F.3d 198, 204-05 (5th Cir. 2016) (rejecting argument that "matters of stay and bifurcation concern mere litigation tactics … and do not warrant intervention").

### C. Defendants do not adequately represent CBF's interests.

CBF has far exceeded its "minimal" burden to show that the Bureau "may" not represent its interests. *Id.* at 203. The Bureau has argued in *favor* of a court-ordered stay of the Payday Rule—relief similar to the preliminary injunction plaintiffs now seek—and in so arguing, asserted that plaintiffs have a substantial case on the merits of their claims challenging the Rule. *See* Resp. in Supp. of Pls.' Mot. for Recons. (Dkt. 34) at 9-15.

Plaintiffs suggest that a "presumption" of adequate representation applies. Dkt. 49 at 7. As the Fifth Circuit has stated, "this presumption … is restricted, however, to those suits involving matters of sovereign interest." *Entergy*, 817 F.3d at 203 n.2 (emphasis and citation omitted). It does not apply "in other cases where a governmental agency is a party." *Id.* In addition, the record of the adversity of interest between CBF and the Bureau in this case would strongly rebut any applicable presumption. *See Texas v. United States*, 805 F.3d 653, 662 (5th Cir. 2015). Indeed, plaintiffs themselves concede that "the government may not defend" the Rule. Dkt. 49 at 10.[2]

---

[2] CBF's showing establishes standing—a point with significance if defendants do not seek the same ultimate relief as CBF. *See Ruiz v. Estelle*, 161 F.3d 814, 830 (5th Cir. 1998) (intervenors do not need standing when "the ultimate relief sought by the intervenors is also being sought by at least one subsisting party with standing to do so"). At this time, defendants have not responded to

4

## II. In the alternative, the Court should grant CBF permissive intervention.

As to permissive intervention, CBF's interest in defending the Payday Rule is "a claim or defense that shares with the main action a common question of law or fact." Fed. R. Civ. P. 24(b)(1)(B). Although plaintiffs contend that this prong is not met here, the requirement receives a "liberal construction." *Stallworth v. Monsanto Co.*, 558 F.2d 257, 269 (5th Cir. 1977). "[T]he words claim or defense in permissive intervention are not to be read in a technical sense, but only require some interest on the part of the applicant." *Louis Berger Grp., Inc. v. State Bank of India*, 802 F. Supp. 2d 482, 488 (S.D.N.Y. 2011) (brackets omitted).

Plaintiffs' primary objection—that CBF's participation as an intervenor will delay or prejudice the adjudication—is disingenuous. Plaintiffs' theory is that because the Bureau may not defend the suit or may moot it out, CBF's participation may force plaintiffs to actually litigate the case that they themselves have filed. If plaintiffs did not want a "full adjudication," Dkt. 49 at 10, they should not have filed suit. Yet they did file suit and have now asked the Court to lift the litigation stay. S*ee* Dkt. 40. In active litigation over a federal rule, the existence of advocates on both sides is crucial to the full and fair adversarial process plaintiffs invoked by filing a lawsuit.

Moreover, participating as amicus will not substitute, as CBF anticipates that the ability to address procedural matters, participate in hearings, and otherwise act as a party will be important to protecting its interests and the federal regulation that, otherwise, may well go undefended.

### CONCLUSION

For the foregoing reasons, the Court should grant CBF's motion to intervene.

---

the complaint and have asked that they not be required to do so, *see* Dkt. 40 at 2 (stating defendants' position), and thus have not identified what outcome they might seek. Intervention, however, is warranted here for the reasons explained in CBF's motion, even if defendants were to seek dismissal. *See Texas*, 805 F.3d at 663 (intervenors satisfied "inadequate representation" requirement, although both intervenors and government sought to uphold the challenged policy).

5

Dated: October 1, 2018                        Respectfully submitted,

/s/ Rebecca Smullin
Rebecca Smullin (DC Bar No. 1017451)
*(admitted pro hac vice)*
Public Citizen Litigation Group
1600 20th Street NW
Washington, DC 20009
(202) 588-1000
rsmullin@citizen.org

Aaron Johnson (TX Bar No. 24056961)
Equal Justice Center
510 S. Congress Avenue, Suite 206
Austin, TX 78704
(512) 474-0007
Fax: (512) 474-0008
ajohnson@equaljusticecenter.org

*Counsel for Cooperative Baptist Fellowship*

## CERTIFICATE OF SERVICE

I hereby certify that on October 1, 2018, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will send notification of such filing to counsel for all parties.

/s/ Rebecca Smullin
Rebecca Smullin