IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

FILED
2018 NOV -6   PM 2: 30
CLERK U.S.
WESTE...
BY...

COMMUNITY FINANCIAL SERVICES       §
ASSOCIATION OF AMERICA, LTD.       §
AND CONSUMER SERVICE               §
ALLIANCE OF TEXAS,                 §
                  PLAINTIFFS,      §
                                   §
V.                                 §        CAUSE NO. A-18-CV-0295-LY
                                   §
CONSUMER FINANCIAL                 §
PROTECTION BUREAU AND JOHN         §
MICHAEL MULVANEY,                  §
                  DEFENDANTS.      §
                                   §

**ORDER**

Before the court in the above styled and numbered cause is the parties' Joint Status Report

filed October 26, 2018 (Clerk's Document No. 52). By way of background, on June 12, 2018, the

court rendered an order that granted in part and denied in part the parties' joint motion to stay the

litigation and agency action. Substantively, the June 12 order, *inter alia*, (1) stayed the litigation in

this action pending further order of the court; (2) denied the parties' request to stay the August 19,

2019 compliance date for the Consumer Financial Protection Bureau's ("Bureau") "Payday, Vehicle

Title, and Certain High-Cost Installment Loans" rule ("Payday Rule" or "Rule") until 455 days after

judgment is rendered in this action; and (3) directed the parties to file joint status reports every 60

days informing the court about proceedings related to the Rule and the litigation.

On June 21, 2018, the Plaintiffs by an unopposed motion, requested that the court reconsider

the portion of the June 12 order denying the requested stay of the Rule's August 19, 2019

compliance date. Plaintiffs reurged that they would suffer irreparable injury absent a stay and again

requested that the court stay the Rule's compliance date until 455 days after judgment is rendered in this action. By Order rendered August 7, 2018, the court denied the request for reconsideration.

The parties filed their periodic joint status report on August 17, 2018, which informed the court that the Bureau was engaged in ongoing work to prepare a notice of proposed rulemaking to reconsider the Payday Rule and expects to issue a notice of proposed rulemaking by early 2019. Plaintiffs again represented that their members will continue to face substantial costs and irreparable injury absent the court staying the Rule's compliance date. The court rendered an order on August 28, 2018, maintaining the stay of litigation and ordered the parties to file another joint status report on or before October 31, 2018.

By their October 26, 2018 status report, the Bureau informs the court that it intends to issue notices of proposed rulemaking in January 2019 to reconsider the Rule and address the Rule's August 19, 2019 compliance date. The report reflects further that the Bureau publicly announced on October 26, 2018, that it plans to propose revisiting the Rule's provisions that require lenders to assess borrowers' ability to repay before making covered loans, but not provisions that apply to lenders' withdrawing payments for covered loans from consumers' bank accounts. *See Public Statement Regarding Payday Rule Reconsideration and Delay of Compliance Date* (Oct. 26, 2018), https://go.usa.gov/xPPuR.

Having considered the parties' October 26 joint status report–particularly the information that the Bureau has publicly announced it plans to reconsider portions of the Rule and address the Rule's compliance date–and the case file, the court reconsiders the portion of the June 12, 2018 order denying the request to stay the Rule's compliance date of August 19, 2019. Upon reconsideration, and given the information in the October 26 joint report, the court concludes that to prevent

irreparable injury a stay of the Rule's current compliance date of August 19, 2019, is appropriate. *See* 5 U.S.C. § 705. The court, however, declines the parties' request to stay the compliance date of August 19, 2019 until 455 days from the date of final judgment in this action. Further, the court concludes that the stay of litigation in this action ordered June 12, 2018, should be continued in full force and effect. As the Bureau has publicly announced it plans to revisit portions the Rule, including the compliance date, the court will adjust the conditions and timing for the parties to file periodic joint status reports. Therefore,

**IT IS ORDERED** that the portion of the Order rendered August 7, 2018 (Clerk's Document No. 36), denying a request for reconsideration filed June 21, 2018 (Clerk's Document No. 30) is **REVERSED**.

Having reconsidered the Unopposed Motion for Reconsideration filed June 21, 2018 (Clerk's Document No. 30),

**IT IS ORDERED** that the motion is **GRANTED TO THE EXTENT** that the August 19, 2019, compliance date of the "Payday, Vehicle Title, and Certain High-Cost Installment Loans" rule published by the Bureau of Consumer Financial Protection in the Federal Register on November 17, 2017, 82 Fed. Reg. 54,472, is **STAYED** pending further order of the court. In all other respects the motion is **DENIED**.

**IT IS FURTHER ORDERED** that the stay ordered June 12, 2018, is continued in full force and effect.

**IT IS FURTHER ORDERED** that the parties file a Joint Status Report informing the court about proceedings related to the Rule and this litigation as the parties deem appropriate, **but no later than March 1, 2019.**

SIGNED this _____ day of November, 2018.

_____

LEE YEAKEL
UNITED STATES DISTRICT JUDGE

4