IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | |
|---|---|
| COMMUNITY FINANCIAL SERVICES ASSOCIATION OF AMERICA, LTD., and CONSUMER SERVICE ALLIANCE OF TEXAS,<br><br>*Plaintiffs,*<br><br>v.<br><br>CONSUMER FINANCIAL PROTECTION BUREAU and KATHLEEN KRANINGER, in her official capacity as Director, Consumer Financial Protection Bureau,[1]<br><br>*Defendants.* | Civil Action No. 1:18-cv-295 |

## JOINT STATUS REPORT

Plaintiffs Community Financial Services Association of America, Ltd., and Consumer Service Alliance of Texas, together with Defendants the Consumer Financial Protection Bureau and Kathleen Kraninger, in her official capacity as Director of the Bureau, (collectively, the "parties") submit this Joint Status Report following up on the Joint Status Report that the parties submitted on March, 1, 2019 (ECF No. 56).

In this litigation, Plaintiffs challenge the Bureau's "Payday, Vehicle Title, and Certain High-Cost Installment Loans" rule ("Payday Rule" or "Rule"). The Rule contains two distinct components—(1) underwriting provisions requiring lenders to assess borrowers' ability to repay before making covered loans and (2) payments provisions governing lenders' withdrawing

---

[1] Director Kraninger is automatically substituted as a party in this case by operation of Federal Rule of Civil Procedure 25(d).

payments for covered loans from consumers' bank accounts. 82 Fed. Reg. 54472 (Nov. 17, 2017). As the parties reported in their March 1, 2019, Joint Status Report, the Bureau has formally initiated a rulemaking process to revisit the underwriting provisions, but not the payments provisions. *See* 84 Fed. Reg. 4252 (Feb. 14, 2019) (proposing to rescind underwriting provisions); 84 Fed. Reg. 4298 (Feb. 14, 2019) (proposing to delay the compliance date for underwriting provisions).

Among other claims, Plaintiffs contend that the Rule must be set aside because the Bureau is unconstitutionally structured because its single Director is removable by the President only for cause. Compl. ¶¶ 68-76 (ECF No. 1). A case presenting a similar constitutional challenge is currently pending in the U.S. Court of Appeals for the Fifth Circuit and is scheduled to be argued on March 12, 2019. *CFPB v. All American Check Cashing, Inc.*, No. 18-60302.

The parties have conferred and have been able to reach only partial agreement on how the litigation should proceed. The parties' positions are as follows:

**Challenge to Underwriting Provisions**

Defendants do not seek to lift the stay of the compliance date of the underwriting provisions, and Plaintiffs agree that it is appropriate to continue to stay the compliance date of the underwriting provisions. The parties agree that, provided that the compliance date of the underwriting provisions remains stayed, it is appropriate to continue to stay the litigation to the extent it challenges the underwriting provisions until the Bureau concludes its rulemaking processes.

**Challenge to Payments Provisions**

The parties disagree on how the litigation should proceed to the extent that Plaintiffs challenge the payments provisions. The parties' positions are set forth here:

**Plaintiffs' Position:**

Though no party at this time seeks to lift the stay of the compliance date of the payments provisions (and, relatedly, the stay of the litigation challenging the payments provisions), the parties disagree over the reasons for, and appropriate duration of, the continuation of these stays. Plaintiffs respectfully request that the Court maintain these stays until the Bureau completes its current rulemakings processes on the underwriting provisions. Plaintiffs contend that the payments provisions are invalid for many of the same reasons as the underwriting provisions. Moreover, in its two notices of proposed rulemaking concerning the underwriting provisions, the Bureau acknowledged criticisms of the payments provisions and stated: "The Bureau intends to examine these issues and if the Bureau determines that further action is warranted, the Bureau will commence a separate rulemaking initiative (such as by issuing a request for information (RFI) or an advance notice of proposed rulemaking)." 84 Fed. Reg. at 4253; 84 Fed. Reg. at 4301. Accordingly, the same conditions that justified the Court's original stay of the compliance date for the entire Rule (and the entire litigation) continue to exist with respect to the payments provisions: Plaintiffs' members will suffer irreparable harm if these challenged provisions go into effect on August 19, 2019, *see Texas v. EPA*, 829 F.3d 405, 433–34 (5th Cir. 2016) ("complying with a regulation later held invalid almost always produces the irreparable harm of nonrecoverable compliance costs"), but the Bureau's active examination of the possibility of rescinding or revising the provisions may ultimately moot this litigation.

It also makes sense from the perspective of efficiency and judicial economy to stay the compliance date for the entire Rule and the entire litigation until the current rulemaking processes are complete. By that time, the Bureau may decide to rescind or revise both sets of provisions, thereby potentially mooting this litigation altogether, or it may decide *not* to rescind

3

or revise either provision, thereby requiring adjudication of Plaintiffs' claims with respect to the entire rule. Or the Bureau may decide to rescind one but not both sets of provisions, thereby limiting the scope of this litigation.

In contrast, lifting the stays with respect to the payments provisions would lead to piecemeal and potentially wasteful litigation. It makes little sense to bifurcate this litigation, resolve the challenge to the payments provisions (without knowing whether they are to be revised or rescinded) and then proceed to resolve the challenge to the underwriting provisions (in the event they are not rescinded). It is far more sensible to resolve these related challenges when and if the Bureau decides it will go forward with both sets of provisions. This is particularly true because resolution of the challenge to the payments provisions will require the Court to first resolve the underlying constitutional challenge to the Bureau (and to determine the appropriate remedy if it is found to be unconstitutional).

Equally important, lifting the stays with respect to the payments provisions will require Plaintiffs to seek preliminary injunctive relief with respect to the payments provisions prior to August 19, 2019, in order to prevent their members from suffering irreparable harm when those provisions go into effect, even though the Bureau might later (i) decide to revisit these payments provisions and thereby potentially render the challenge moot or (ii) decide *not* to rescind the underwriting provisions and thereby require Plaintiffs to litigate their challenge to those provisions separately. Such rushed and burdensome proceedings are wholly unnecessary and would put the Court in the awkward position of having to resolve the likelihood of success of Plaintiffs' constitutional challenge (almost surely) before the Fifth Circuit has resolved the *All American Check Cashing* appeal presenting the same issue.

Defendants are not seeking to lift the stays related to the payments provisions at this time. Instead, they propose (1) "a more limited" continuation of the stay of the litigation (and, *a fortiori*, the stay of the compliance date) for the payments provisions at least until the Fifth Circuit issues its decision in *All American Check Cashing*, after which the parties would confer and recommend to the Court how the litigation should proceed, and (2) that the Court not decide at this time when the stay of the compliance date for the payments provisions will expire. Such an approach risks providing incomplete and counter-productive relief, however, because, if the stay of the August 19 compliance date were to be lifted closer to (or following) August 19, Plaintiffs would have less time (or no time) to seek judicial review of the payments provisions. If the Court prefers Defendants' proposal, then Plaintiffs respectfully request that the stay of the compliance date of the payments provisions expire no earlier than ninety days after the Fifth Circuit issues its mandate in *All American Check Cashing*, to afford Plaintiffs an opportunity to seek preliminary injunctive relief before compliance with those provisions is required.

**Defendants' Position:**

Defendants do not seek to lift the stay of the litigation challenging the payments provisions or the stay of the compliance date for those provisions at this time. Contrary to Plaintiffs' proposal, however, Defendants do not believe that there is any basis for the Court to decide now to keep the litigation and compliance-date stays in place with respect to the payments provisions until the Bureau completes its rulemaking process to address the separate underwriting provisions. The Bureau's positions regarding the litigation stay and the compliance-date stay are explained further below.

*Stay of the litigation:* The Bureau's current rulemakings do not propose to revisit the payments provisions and thus do not provide a reason to continue to stay this litigation to the

extent that Plaintiffs challenge the payments provisions.  To be sure, it is possible that the Bureau could initiate a separate rulemaking process to revise those provisions:  The Bureau has stated that "if [it] determines that further action is warranted" on the payments provisions, it "will commence a separate rulemaking initiative."  84 Fed. Reg. at 4253.  But, to date, it has not determined that further action is warranted or that it will, in fact, commence any such separate rulemaking initiative.  The mere possibility of a rulemaking to revise the payments provisions does not justify staying the litigation challenging those provisions.  And there is no basis for Plaintiffs' proposal that the Court stay the litigation challenging the payments provisions until the Bureau completes its rulemakings regarding the (separate and distinct) underwriting provisions.

Although the Bureau's rulemakings do not justify continuing to stay the litigation challenging the payments provisions until those rulemakings are complete, a more limited continued stay of that litigation is warranted for a separate reason.  Plaintiffs contend that the payments provisions must be set aside because they were promulgated by an agency that is unconstitutionally structured.  Complaint ¶¶ 68-76 (ECF No. 1).  A case presenting a similar constitutional challenge is currently pending in the U.S. Court of Appeals for the Fifth Circuit and is scheduled to be argued on March 12, 2019.  *CFPB v. All American Check Cashing, Inc.*, No. 18-60302.  Defendants believe that it would be appropriate to continue to stay the litigation challenging the payments provisions of the Rule until the Fifth Circuit issues its decision in *All American Check Cashing*.  Defendants propose that the parties file a joint status report setting forth a recommendation for how the litigation challenging the payments provisions should proceed within 14 days of the Fifth Circuit's issuance of its decision in *All American Check Cashing*.

6

***Stay of the Compliance Date:*** Defendants do not seek to lift the stay of the compliance date of the payments provisions of the Rule at this time. Contrary to Plaintiffs' contention, however, the possibility that the Bureau may revise the payments provisions does not justify continuing to stay the compliance date of those provisions. As explained above, the Bureau has not made any decision to propose revising those provisions. And, in any event, even definitive plans to undertake a rulemaking process do not by themselves justify staying the *compliance date* of a rule (as opposed to litigation over a rule). Rather, a stay of a compliance date is warranted only if the plaintiff can show various factors, including a likelihood of success on the merits, or at least a "substantial case on the merits." *Weingarten Realty Investors v. Miller*, 661 F.3d 904, 910 (5th Cir. 2011). Plaintiffs have not attempted to make that showing in asking the Court to keep the compliance date for the payments provisions stayed until the Bureau completes its rulemakings that address the separate underwriting provisions.

The Court need not decide at this time when the stay of the compliance date for the payments provisions will expire. If Defendants later ask the Court to lift the stay of the compliance date for the payments provisions, Plaintiffs will have an opportunity at that time to make any arguments opposing the lifting of the stay, and both parties will have an opportunity to address whether the Court should delay the lifting of the compliance-date stay for a reasonable period of time to allow companies to come into compliance with the payments provisions.

Dated: March 8, 2019

Respectfully submitted,

| | |
|---|---|
| MARY McLEOD<br>General Counsel<br><br>JOHN R. COLEMAN<br>Deputy General Counsel<br><br>STEVEN Y. BRESSLER<br>Assistant General Counsel<br><br>　/s/ Kristin Bateman<br>KRISTIN BATEMAN (Cal. Bar No. 270913)<br>KEVIN FRIEDL (NY Bar No. 5240080)<br>Attorneys<br>Consumer Financial Protection Bureau<br>1700 G Street, NW<br>Legal Division<br>Washington, D.C. 20552<br>Telephone: (202) 435-7821<br>Fax: (202) 435-7024<br>Kristin.Bateman@cfpb.gov<br><br>*Counsel for Defendants Consumer Financial Protection Bureau and Kathleen Kraninger* | */s/ Michael A. Carvin*<br>MICHAEL A. CARVIN<br>　D.C. Bar No. 366784<br>　Admitted *pro hac vice*<br>　macarvin@jonesday.com<br>CHRISTIAN G. VERGONIS<br>　D.C. Bar No. 483293<br>　Admitted *pro hac vice*<br>　cvergonis@jonesday.com<br>**JONES DAY**<br>51 Louisiana Avenue NW<br>Washington, DC 20001<br>Telephone: (202) 879-3939<br>Facsimile: (202) 626-1700<br><br>LAURA JANE DURFEE<br>　Texas Bar No. 24069653<br>　ldurfee@jonesday.com<br>**JONES DAY**<br>2727 North Hardwood Street<br>Dallas, TX 75201<br>Telephone: (214) 220-3939<br>Facsimile: (214) 969-5100<br><br>*Counsel for Plaintiffs* |

**CERTIFICATE OF SERVICE**

I hereby certify that on March 8, 2019, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will send notification of such filing to the following:

Michael A. Carvin
Christian G. Vergonis
Jones Day
51 Louisiana Ave., NW
Washington, DC 20001-2113

Laura Jane Durfee
Jones Day
2727 N. Harwood
Dallas, TX 75201

/s/ Kristin Bateman
Kristin Bateman
*Counsel for Defendants*