IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

2019 MAR 19  AM 10: 34

| | |
|---|---|
| COMMUNITY FINANCIAL SERVICES §<br>ASSOCIATION OF AMERICA, LTD. §<br>AND CONSUMER SERVICE §<br>ALLIANCE OF TEXAS, §<br>             PLAINTIFFS, §<br>§<br>V. §<br>§<br>CONSUMER FINANCIAL §<br>PROTECTION BUREAU AND §<br>KATHLEEN KRANINGER, IN HER §<br>OFFICIAL CAPACITY AS DIRECTOR, §<br>CONSUMER FINANCIAL §<br>PROTECTION BUREAU, §<br>           DEFENDANTS. § | CAUSE NO. A-18-CV-0295-LY |

## ORDER

Before the court is the above styled and numbered cause.[1]  The court stayed litigation in this action and stayed the compliance date of August 19, 2019, for the Consumer Financial Protection Bureau's ("Bureau") "Payday, Vehicle Title, and Certain High-Cost Installment Loans" rule ("Rule").  *See* 82 Fed. Reg. 54,472 (Nov. 17, 2017).  Additionally, the court ordered the parties to file periodic joint status reports informing the court about proceedings related to the Rule and this action.

Pending before the court are the parties' periodic Joint Status Reports dated March 1 and March 8, 2019 (Clerk's Document Nos. 56 & 57).  The parties inform the court that the Bureau recently initiated a rulemaking process that revisits one aspect of the Rule–the underwriting

---

[1] Kathleen Kraninger was sworn in as the Director of the Consumer Financial Protection Bureau in December 2018.  Therefore, Kraninger is substituted for Michael Mulvaney as a party in this action.  *See* Fed. R. Civ. P. 25(d).

provisions–but not the payment provisions of the Rule. *See* 84 Fed. Reg. 4252 (Feb. 14, 2019) (proposing to rescind underwriting provisions); 84 Fed. Reg. 4298 (Feb. 14, 2019) (proposing to delay compliance date for underwriting provisions).

The parties agree that: (1) the August 19, 2019 compliance date for the underwriting provisions should continue to be stayed; and if the court is inclined to do so, then (2) it is also appropriate to continue to stay litigation with regard to Plaintiffs' challenges to the Rule's underwriting provisions. Further, at this juncture, neither party seeks to lift the stay of the litigation or the stay of the compliance date for the payment provisions

The parties however disagree about how long the litigation stay and the compliance-date stay should continue with regard to the payments provisions of the Rule. Plaintiffs propose that the court maintain both of the stays until the Bureau completes the current rulemaking process for the Rule's underwriting provisions. The Bureau disagrees with Plaintiffs' proposal, suggesting that a more limited stay of litigation is warranted. The Bureau refers the court to the fact that a case presenting a challenge similar to Plaintiffs' constitutional challenge to the structure of the Bureau is pending before the Fifth Circuit. *See Consumer Fin. Protection Bureau v. All Am. Check Cashing, Inc.*, No. 18-60302 (Fifth Cir.) (oral argument March 12, 2019). The Bureau proposes that it would be appropriate to continue the stay of litigation challenging the Rule's payments provisions only until the Circuit renders its decision in *All American Check Cashing*.

With regard to the stay of the compliance date, the Bureau's position is that, at the current time, no party is seeking to lift the compliance-date stay for the payments provisions. However, should the Bureau do so in the future, the Bureau suggests that Plaintiffs at that time would only be entitled to a stay if Plaintiffs can show various factors, including a likelihood of success on the

merits, or at least a "substantial case on the merits." *Weingarten Realty Investors v. Miller*, 661 F.3d 904, 901 (5th Cir. 2011).

Having considered the case file, the Joint Status Reports filed May 1 and 8, 2019, and the applicable law,

**IT IS ORDERED** that the stay of litigation and the stay of the August 19, 2019, compliance date are continued in full force and effect.

**IT IS FURTHER ORDERED** that the parties file a Joint Status Report informing the court about proceedings related to the Rule and this litigation as the parties deem appropriate, **but no later than Friday, May 17, 2019.**

SIGNED this _____ day of March, 2019.


_____
LEE YEAKEL
UNITED STATES DISTRICT JUDGE

3