# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TEXAS
# AUSTIN DIVISION

| | |
|---|---|
| COMMUNITY FINANCIAL SERVICES ASSOCIATION OF AMERICA, LTD., *et al.* <br><br> *Plaintiffs,* <br><br> v. <br><br> CONSUMER FINANCIAL PROTECTION BUREAU, *et al.*, <br><br> *Defendants.* | Civil Action No. 1:18-cv-00295 |

## NOTICE OF SUPPLEMENTAL AUTHORITY

Defendant Consumer Financial Protection Bureau submits this Notice to inform the Court of additional recent authority relevant to the Court's adjudication of the parties' pending cross-motions for summary judgment—specifically, Plaintiffs' argument that the Payment Provisions must be thrown out despite Director Kraninger's ratification of those provisions following the Supreme Court's decision in *Seila Law LLC v. CFPB*, 140 S. Ct. 2183 (2020).

On remand from the Supreme Court, the Ninth Circuit held in *CFPB v. Seila Law LLC*, No. 17-56324, 2020 WL 7705549 (9th Cir. Dec. 29, 2020), that the Bureau's ratification of the agency action challenged in that case "remedies any constitutional injury that Seila Law may have suffered due to the manner in which the CFPB was originally structured." *Id.* at *2. The court thus declined to hold invalid the challenged agency action.

In reaching that conclusion, the Ninth Circuit explained that "Seila Law's only cognizable injury arose from the fact that the agency [took the challenged action] while headed by a Director who was improperly insulated from the President's removal authority." *Id.* That

concern was fully "resolved" by the Director's decision to ratify the action on behalf of the Bureau once she was indisputably removable at will by the President. *Id.* The initial Article II problem with the statutory removal restriction thus did not require invalidation of the challenged agency action.

Like Plaintiffs here, Seila Law had argued that the Bureau could not ratify its prior actions "because the agency lacked the authority to take those actions [initially]," rendering the actions "void at the time they were taken." *Id.* The Ninth Circuit squarely rejected that argument. It explained that, just as with the Appointments Clause problem at issue in *CFPB v. Gordon*, 819 F.3d 1179 (9th Cir. 2016), the constitutional problem with the removal restriction "relates to the Director alone, not to the legality of the agency itself." *Seila* Law, 2020 WL 7705549, at *3. "Nothing in the [Supreme] Court's decision suggests that it believed this defect rendered all of the agency's prior actions void." *Id.* The Ninth Circuit thus held that "ratification is available to cure both Appointments Clause defects and structural, separation-of-powers defects." *Id.*

Dated:  December 30, 2020                    Respectfully submitted,

/s/ Kevin E. Friedl
KEVIN E. FRIEDL (NY Bar No. 5240080)
KAREN BLOOM (DC Bar No. 499425)
  *Senior Counsel*
Consumer Financial Protection Bureau
1700 G Street NW
Washington, DC 20552
Telephone: (202) 435-9268
Fax: (202) 435-7024
kevin.friedl@cfpb.gov

## CERTIFICATE OF SERVICE

I certify that on December 30, 2020, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will send notification of such filing to the following:

Michael A. Carvin
Christian G. Vergonis
Jones Day
51 Louisiana Ave. NW
Washington, DC 20001

Laura Jane Durfee
Jones Day
2727 N. Harwood
Dallas, TX 75201

/s/ Kevin E. Friedl
Kevin E. Friedl
*Counsel for Defendants*