IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | |
|---|---|
| COMMUNITY FINANCIAL SERVICES ASSOCIATION OF AMERICA, LTD. *et al.*, <br><br> Plaintiffs, <br><br> v. <br><br> CONSUMER FINANCIAL PROTECTION BUREAU *et al.*, <br><br> Defendants. | Civil Action No. 1:18-cv-295 |

**NOTICE OF SUPPLEMENTAL AUTHORITY**

Plaintiffs submit this Notice of Supplemental Authority to apprise the Court of a development in a case first brought to the Court's attention by Defendants' Notice of Supplemental Authority of December 30, 2020, ECF 86. That Notice tried to support the Bureau's supposed ratification of the Payments Provisions challenged here based on the Ninth Circuit's decision on remand in *CFPB v. Seila Law LLC*, 984 F.3d 715 (9th Cir. 2020). The latter held that the Bureau's ratification of a civil investigative demand cured the constitutional defect in the demand identified by the Supreme Court in *Seila Law LLC v. CFPB*, 140 S. Ct. 2183 (2020). But as Plaintiffs at the time noted in response, *see* ECF 87, that demand—merely one step in an enforcement action—did not have to pass through the notice-and-comment process required for final legislative rules like the Payments Provisions. So whatever the merit of the Ninth Circuit's decision (which was flawed for other reasons, as Plaintiffs also elaborated), it could not support the Bureau's position here.

Plaintiffs now draw this Court's attention to the dissent from the Ninth Circuit's recent denial of rehearing en banc in that case, which was authored by Judge Bumatay and joined by Judges Callahan, Ikuta, and VanDyke. *See CFPB v. Seila Law LLC*, No. 17-56324, 2020 WL

1

9595879 (9th Cir. Dec. 29, 2020, amended May 14, 2021). That opinion powerfully restates and supports one of Plaintiffs' several arguments against the sufficiency of the supposed ratification in this case—namely, that "[e]ven if ratification could cure structural constitutional errors" as a general matter, "the CFPB's ratification here was ineffective because [the Bureau] lacked Executive authority at the time it initiated" the challenged actions, contrary to the familiar "principle[] of agency law" that "the party ratifying" must have been "able to do the act ratified at the time the act was done." *Id.* at *6 (internal citations omitted); *see* Plaintiffs' Motion for Summary Judgment, ECF 80, at 14–23.

Dated: May 20, 2021                                         Respectfully submitted,


                                                            /s/ Laura Jane Durfee
                                                              MICHAEL A. CARVIN
                                                                D.C. Bar No. 366784
                                                                Admitted *pro hac vice*
                                                                macarvin@jonesday.com
                                                              CHRISTIAN G. VERGONIS
                                                                D.C. Bar No. 483293
                                                                Admitted *pro hac vice*
                                                                cvergonis@jonesday.com
                                                              **JONES DAY**
                                                              51 Louisiana Avenue NW
                                                              Washington, DC 20001
                                                              Telephone: (202) 879-3939
                                                              Facsimile: (202) 626-1700

                                                              LAURA JANE DURFEE
                                                                Texas Bar No. 24069653
                                                                ldurfee@jonesday.com
                                                              **JONES DAY**
                                                              2727 North Hardwood Street
                                                              Dallas, TX 75201
                                                              Telephone: (214) 220-3939
                                                              Facsimile: (214) 969-5100

                                                            *Counsel for Plaintiffs*

## CERTIFICATE OF SERVICE

I hereby certify that on the 20th day of May 2021, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will send notification of such filing to all counsel of record.

Dated: May 20, 2021

*/s/ Laura Jane Durfee*
Laura Jane Durfee
*Counsel for Plaintiffs*