**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION**

COMMUNITY FINANCIAL SERVICES
ASSOCIATION OF AMERICA, LTD., *et al.*

 *Plaintiffs,*

v.

CONSUMER FINANCIAL
PROTECTION BUREAU, *et al.*,

 *Defendants.*

Civil Action No. 1:18-cv-00295

**NOTICE OF SUPPLEMENTAL AUTHORITY**

 Defendant Consumer Financial Protection Bureau submits this Notice to inform the Court of additional recent authority relevant to the Court's adjudication of the parties' pending cross-motions for summary judgment—specifically, Plaintiffs' argument that the Payment Provisions of the 2017 Payday Rule are "void *ab initio*" and therefore incapable of ratification. *E.g.*, ECF No. 80 at 13, 18. The Supreme Court rejected similar arguments in two recent separation-of-powers decisions.

 First, *Collins v. Yellen*, No. 19-422 (U.S. June 23, 2021) (attached as Exhibit A), considered a challenge to an exercise of executive authority by the Federal Housing Finance Agency while its single director was unconstitutionally insulated from removal. The Supreme Court rejected as "neither logical nor supported by precedent" the very view that Plaintiffs advance here—that actions by an official subject to an unconstitutional removal provision "are void *ab initio* and must be undone." Slip op. at 33-35 & n.24. The Court explained that the officials leading the FHFA were (just like the Bureau Director) properly appointed and that their

purported insulation from removal created "no reason to regard any of the actions taken by the FHFA in relation to the [action] as void." *Id.* at 33-34 & n.23. Likewise, here, the (prior) purported restriction on the President's ability to remove the Bureau Director supplies "no reason to hold that the [Payment Provisions] must be completely undone." *Id.* at 35.

The Court held that it was "possible" that the challengers could obtain some other relief, but only if they could show that the unconstitutional removal restriction itself caused them "compensable harm." *Id.* at 35-36. The Court remanded for the lower courts to decide whether the removal restriction had caused any harm and, if so, what the appropriate remedy would be. Here, Plaintiffs can show no harm that would entitle them to the relief they seek: invalidation of the Payments Provisions. As the Bureau has explained, a Bureau Director appointed by and indisputably removable at will by the President considered and ratified the Payments Provisions. That confirms that the invalid removal restriction made no difference for Plaintiffs or for their members' future obligation to comply with the Payments Provisions when they take effect.

Second, in *United States v. Arthrex, Inc.*, No. 19-1434 (U.S. June 21, 2021) (attached as Exhibit B), the Court rejected similar arguments that "the appropriate remedy" for an action by agency officials—administrative patent judges—who exercised authority without constitutionally adequate oversight was "to order outright dismissal of the proceeding below." Slip op. at 20 (plurality op.); *see also id.* at 7 (Breyer, J., concurring on remedy). Instead, it held the statutory provisions purporting to insulate the officials' decisions from review by the head of the relevant agency were invalid but severable, and remanded to provide an opportunity for review by the agency head. *Id.* at 22-23 (plurality op.). The equivalent remedy here, which Plaintiffs have received, was review by a properly removable official of the Bureau's decision to issue the Payments Provisions.

Dated:  June 28, 2021

Respectfully submitted,

/s/ Kevin E. Friedl
KEVIN E. FRIEDL (NY Bar No. 5240080)
KAREN BLOOM (DC Bar No. 499425)
   *Senior Counsel*
Consumer Financial Protection Bureau
1700 G Street NW
Washington, DC 20552
Telephone: (202) 435-9268
Fax: (202) 435-7024
kevin.friedl@cfpb.gov

**CERTIFICATE OF SERVICE**

I certify that on June 28, 2021, I electronically filed the foregoing with the Clerk of Court

using the CM/ECF system, which will send notification of such filing to the

following:

Michael A. Carvin
Christian G. Vergonis
Jones Day
51 Louisiana Ave. NW
Washington, DC 20001-2113

Laura Jane Durfee
Jones Day
2727 N. Harwood St.
Dallas, TX 75201

/s/ Kevin E. Friedl
Kevin E. Friedl
*Counsel for Defendants*