IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | |
|---|---|
| COMMUNITY FINANCIAL SERVICES ASSOCIATION OF AMERICA, LTD., *et al.*<br><br>*Plaintiffs,*<br><br>v.<br><br>CONSUMER FINANCIAL PROTECTION BUREAU, *et al.*,<br><br>*Defendants.* | Civil Action No. 1:18-cv-00295 |

**DEFENDANTS' RESPONSE TO PLAINTIFFS' NOTICE OF POTENTIALLY RELEVANT APPELLATE PROCEEDINGS**

On July 13, Plaintiffs notified the Court of the briefing schedules in two cases before the en banc Fifth Circuit, *Collins v. Yellen*, No. 17-20364, and *CFPB v. All American Check Cashing*, No. 18-60302. To the extent that Plaintiffs request that this Court defer deciding the parties' pending cross-motions for summary judgment until the Fifth Circuit rules in one or both of those two cases, that request should be denied. In the alternative, if the Court wishes to defer final judgment in this case until those Fifth Circuit cases are decided, the Bureau respectfully requests that the Court lift the stay of the compliance date of the Payments Provisions that was entered on November 6, 2018, as there is no longer any basis for that stay. To enable the Court to take that course, the Bureau files a motion to lift the stay concurrently with this notice. (That motion will be moot, however, if this Court rules on summary judgment.)

1. There is no reason to defer final decision in this case until the Fifth Circuit decides *Collins* or *All American Check Cashing*, as those cases will not resolve any issues remaining

here.  As the Bureau has explained, the Supreme Court's decision in *Collins v. Yellen*, 141 S. Ct. 1761 (2021), already demonstrates that Plaintiffs cannot obtain relief in this case based on their constitutional claim.  *See* ECF Nos. 90, 92.  *Collins* unequivocally rejected the view that actions by an official subject to an unconstitutional removal provision "are void ab initio and must be undone"—and held that a party is entitled to relief if (and only if) that party can show that "[w]ere it not for th[e removal] provision," the challengers would not suffer the "harm" caused by the challenged action.  141 S. Ct. at 1788-89 & n.24.  Plaintiffs cannot make that showing here.  A Bureau Director indisputably not protected by the removal restriction has ratified the Payment Provisions that Plaintiffs seek to avoid having to comply with when they take effect.

Plaintiffs offer three arguments why they can still obtain relief, ECF No. 91, but neither *Collins* nor *All American* will present any opportunity for the Fifth Circuit to shed light on these issues.  Plaintiffs first attempt to distinguish *Collins* on the grounds that (1) it does not involve a rulemaking and (2) the challengers there seek "costly retrospective remedies," not prospective injunctive relief like Plaintiffs seek here.  ECF No. 91 at 2-3.  The Fifth Circuit in *Collins* will of course have no opportunity to address a rulemaking or a request for injunctive relief.  And *All American* will not either—that case involves an enforcement action, not a rulemaking, and the challengers there seek dismissal, not injunctive relief.  Plaintiffs' third argument is that they can obtain relief even under *Collins* because the Payments Provisions were promulgated under Director Cordray while President Trump was in office, and President Trump would have fired Director Cordray but for the removal restriction.  ECF No. 91 at 4-7.  The Fifth Circuit cases will not address that issue either:  *Collins* does not involve the Bureau at all, and *All American* was filed under Director Cordray while President Obama was in office.

2

2. If, however, the Court wishes to wait for those Fifth Circuit decisions before resolving this case, it should at a minimum lift the stay of the compliance date that was entered in November 2018 for the reasons explained in the accompanying motion.

Dated: July 22, 2021                                  Respectfully submitted,

/s/ Kristin Bateman
KRISTIN BATEMAN (Cal. Bar No. 270913)
KEVIN E. FRIEDL (NY Bar No. 5240080)
KAREN BLOOM (DC Bar No. 499425)
  *Senior Counsel*
Consumer Financial Protection Bureau
1700 G Street, NW
Washington, DC 20552
Telephone: (202) 435-7821
Fax: (202) 435-7024
kristin.bateman@cfpb.gov

## CERTIFICATE OF SERVICE

I certify that on July 22, 2021, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will send notification of such filing to the following:

Michael A. Carvin
Christian G. Vergonis
Jones Day
51 Louisiana Ave. NW
Washington, DC 20001-2113

Laura Jane Durfee
Jones Day
2727 N. Harwood
Dallas, TX 75201

                                                                               /s/ Kristin Bateman
                                                                               Kristin Bateman
                                                                               *Counsel for Defendants*