# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TEXAS
# AUSTIN DIVISION

| | |
|---|---|
| COMMUNITY FINANCIAL SERVICES ASSOCIATION OF AMERICA, LTD., *et al.*, <br><br> *Plaintiffs,* <br><br> v. <br><br> CONSUMER FINANCIAL PROTECTION BUREAU, *et al.*, <br><br> *Defendants.* | Civil Action No. 1:18-cv-295 |

## SUPPLEMENTAL BRIEF REGARDING COMPLIANCE DATE

If the Court grants Defendants' motion for summary judgment and upholds the Payment Provisions, the stay of the compliance date should remain in place for no more than 30 days after the Court's decision on summary judgment. A 30-day delay is consistent with the Administrative Procedure Act; Plaintiffs' members have had more than enough time to prepare to comply with the Payment Provisions' modest requirements; and 30 days should provide sufficient time to make any final preparations.

**1. A 30-day delay is consistent with the Administrative Procedure Act (APA).** The APA requires only 30 days' notice before a rule may take effect. 5 U.S.C. § 553(d). The "purpose of the thirty-day waiting period is to give affected parties a reasonable time to adjust their behavior before the final rule takes effect." *City of Arlington v. FCC*, 668 F.3d 229, 245 (5th Cir. 2012) (internal quotation marks omitted). A 30-day extension of the compliance-date stay would be consistent with that benchmark.

**2. Complying with the Payment Provisions is not onerous.** The Payment Provisions impose two basic requirements, neither of which requires any major overhaul of lenders' operations. First, the Payment Provisions prohibit lenders from attempting to withdraw payment for a covered loan from a borrower's account after two consecutive attempts have failed due to lack of sufficient funds, unless the borrower specifically provides new authorization to do so. 12 C.F.R. § 1041.8(b)(1). Lenders already have systems in place to identify when a payment is due, when a payment has succeeded or failed, and whether to attempt to withdraw another payment. And lenders that use the ACH network to withdraw payments (which is most lenders) already must stop attempting to withdraw payment after three consecutive attempts have failed. 82 Fed. Reg. 54472, 54501 (Nov. 17, 2017). The Bureau does not anticipate that changing existing systems to stop attempting withdrawals after two (rather than three) failed attempts will be time-consuming.

Second, the Payment Provisions require lenders to give consumers certain notices. In particular, they must give advance notice before attempting to withdraw a payment for the first time and before making an "unusual" withdrawal attempt that deviates from what the consumer might expect in certain specified ways. 12 C.F.R. § 1041.9(b). Lenders must also notify consumers about their rights when two consecutive payment attempts fail. *Id.* § 1041.9(c). The Rule provides model forms for each of these notices that lenders can use to meet these requirements. 12 C.F.R. pt. 1041, Appx. A.

**3. Plaintiffs have had ample time to comply.** It has been:

- Nearly four years since the Payment Provisions were promulgated[1];

---

[1] 82 Fed. Reg. 54472 (Nov. 17, 2017).

- Nearly three years since the Bureau announced that it did not intend to revisit the Payment Provisions in its rulemaking to reconsider the Payday Rule[2];
- Over a year since Director Kraninger, whom President Trump appointed and could remove at will, ratified the Payment Provisions[3];
- Over a year since the Bureau notified Plaintiffs and the Court that it would seek to promptly lift the stay of the compliance date[4];
- 231 days since briefing on summary judgment concluded and it became possible that the Court could issue its ruling and make compliance mandatory at any time.[5]

Plaintiffs claim that they are entitled to have the same amount of time to come into compliance as they had when they first sought, or when the Court first granted, the compliance-date stay—445 days or 286 days, respectively. ECF No. 84 at 35. But there is no reason to think they ever needed 445 or even 286 days to come into compliance with the Payment Provisions' modest requirements in the first place. The Payday Rule set the compliance date to be 21 months after the Rule's publication because complying with the now-repealed *other* aspects of the Rule (the Underwriting Provisions) would have required lenders to make fundamental changes and because the Bureau intended to leave time for the market to create registered information systems—a new type of entity offering an entirely new service with new requirements—that lenders could rely on to satisfy the Underwriting Provisions' requirements. Now that the

---

[2] CFPB, *see* Public Statement Regarding Payday Rule Reconsideration and Delay of Compliance Date (Oct. 26, 2018), *available at* https://go.usa.gov/xGeC6.

[3] 85 Fed. Reg. 41905 (July 13, 2020).

[4] ECF No. 71 at 3 (July 24, 2020).

[5] ECF No. 85 (Dec. 18, 2020).

3

Underwriting Provisions have been repealed, there is no reason for such a lengthy implementation period.

**4. Plaintiffs could not have reasonably relied on the compliance-date stay continuing beyond final judgment.** The Court already repeatedly denied their request for the compliance-date stay to extend past final resolution of this case. ECF Nos. 29, 36, 53. Plaintiffs cannot now claim to have acted in reliance on the assumption that the Court would keep the compliance date stayed even if it upheld the Rule.

**5. Further extension of the stay is particularly unwarranted because the only basis for the stay disappeared over a year ago.** The only reason either party ever gave for why the Payment Provisions should be stayed was that the Rule was promulgated by a Bureau Director who was unconstitutionally insulated from removal by the President. ECF No. 34 at 11 n.4; *see also* ECF No. 30. As the Bureau has explained, that basis for the stay vanished July 7, 2020 after the Supreme Court made clear that the Bureau's Director could be removed at will and a Bureau Director subject to the President's plenary authority ratified the Payment Provisions. ECF No. 82 at 9-20; ECF No. 85 at 2-11; ECF No. 95 at 5-7. Plaintiffs have already enjoyed the benefit of a no-longer-justified stay for 13 months, and there is no basis to give them any significant further extension.

If the Court grants summary judgment to the Bureau, it should keep the compliance-date stay in place for no longer than 30 days.

Dated: August 6, 2021                    Respectfully submitted,


                                         STEPHEN VAN METER
                                         Acting General Counsel

                                         STEVEN Y. BRESSLER
                                         Acting Deputy General Counsel

                                          /s/ Kristin Bateman
                                         KRISTIN BATEMAN (Cal. Bar No. 270913)
                                         KEVIN E. FRIEDL (NY Bar No. 5240080)
                                         KAREN BLOOM (DC Bar No. 499425)
                                         Attorneys
                                         Consumer Financial Protection Bureau
                                         1700 G Street, NW
                                         Legal Division
                                         Washington, DC 20552
                                         Telephone: (202) 435-7821
                                         Fax: (202) 435-7024
                                         Kristin.Bateman@cfpb.gov

                                         *Counsel for Defendants Consumer Financial*
                                         *Protection Bureau and David Uejio*

**CERTIFICATE OF SERVICE**

I hereby certify that on August 6, 2021, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will send notification of such filing to the following:

Michael A. Carvin
Christian G. Vergonis
Jones Day
51 Louisiana Ave., NW
Washington, DC 20001-2113

Laura Jane Durfee
Jones Day
2727 N. Harwood
Dallas, TX 75201

/s/ Kristin Bateman
Kristin Bateman
*Counsel for Defendants*