IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | |
|---|---|
| COMMUNITY FINANCIAL SERVICES ASSOCIATION OF AMERICA, LTD., *et al.*,<br><br>*Plaintiffs,*<br><br>v.<br><br>CONSUMER FINANCIAL PROTECTION BUREAU, *et al.*,<br><br>*Defendants.* | Civil Action No. 1:18-cv-295 |

## RESPONSE TO PLAINTIFFS' SUPPLEMENTAL BRIEF REGARDING COMPLIANCE DATE

This Court should reject Plaintiffs' request that the Court extend the compliance-date stay for another 445 (or 286) days after entry of final judgment. Plaintiffs already asked the Court for a 445-day extension of the stay post-judgment at the outset of this case, and the Court said no. ECF No. 16 at 5; ECF No. 53 at 3. Plaintiffs cannot now claim that they reasonably assumed that they would get that extension anyway. Nor do the equities otherwise support maintaining the compliance-date stay for so long after judgment. The Payment Provisions are not onerous, and Plaintiffs never needed that long to comply with them in the first place. Maintaining the stay for 30 days past judgment—the standard delay that the Administrative Procedure Act provides between a rule's promulgation and its effective date—should give Plaintiffs' members adequate time to make final preparations for compliance, particularly given how long they have been on notice that compliance could become mandatory at any time.

## I. The Equities Do Not Support Extending the Stay for More than 30 Days Past Judgment

At bottom, whether to extend the compliance-date stay and for how long is "discretionary and equitable." *See Ruiz v. Estelle*, 666 F.2d 854, 856 (5th Cir. 1982) (discussing stays pending appeal); *Texas v. EPA*, 829 F.3d 405, 424, 435 (5th Cir. 2016) (applying standards for stay pending appeal to request for stay of agency action under § 705 of the APA); *accord, e.g.*, *Bauer v. DeVos*, 325 F. Supp. 3d 74, 106 (D.D.C. 2018) (explaining that "the authority granted" under § 705 to stay rules "is equitable" (alteration omitted)). The equities do not support extending the compliance-date stay for more than 30 days after final judgment.

As the Bureau's prior brief explains, complying with the Payment Provisions is not onerous; Plaintiffs' members have now had nearly four years to prepare to comply; the only basis for the stay disappeared over a year ago; and Plaintiffs have been on notice since at least the conclusion of summary judgment briefing last December that the Court could enter final judgment and allow the Payment Provisions to take effect at any time. ECF No. 98 at 2-4.

Plaintiffs claim that they are entitled to a 445-day (or 286-day) extension of the stay so that they have as much time to prepare to comply starting now as they had when they first sought (or when the court first entered) the stay, but that claim does not withstand scrutiny for at least five reasons.

First, Plaintiffs already asked this Court to extend the stay in that way, and the Court denied that request. ECF No. 53 at 3 (denying "request to stay the compliance date … until 455 days from the date of final judgment in this action"). Plaintiffs cannot now claim that they nonetheless reasonably expected for the stay to be extended for so long post-judgment.

Second, Plaintiffs offer no support for their claim that that is "how stays of this type ordinarily operate." ECF No. 99 at 2. Putting aside the fact that the Court already said that was

not how *this* stay would operate, the single, decades-old case that Plaintiffs cite hardly establishes an "ordinar[y]" practice. *See* ECF No. 99 at 3 (citing Order, *Michigan v. EPA*, No. 98-1497 (D.C. Cir. June 22, 2000)). Extending the stay so that it effectively tolled the period for implementation may have been warranted in that case, but it is not warranted here.

Third, Plaintiffs never needed 445 (or 286) days to come into compliance with the Payment Provisions' modest requirements to begin with. The Payday Rule provided for a 21-month delay before compliance would become mandatory because industry needed that time to prepare for the Underwriting Provisions, not the Payment Provisions. *See* 82 Fed. Reg. 54472, 54775-76 (Nov. 17, 2017). Indeed, Plaintiffs themselves previously acknowledged that the lengthy implementation period was principally designed to allow enough time for industry to create a whole new type of business—"registered information systems"—that would collect information about borrowers that lenders could rely on in satisfying the Underwriting Provisions. *See id.*; ECF No. 16 at 2 (parties' joint motion explaining that the lengthy period before the compliance date was meant to provide enough time for the creation of, and other preparations relating to, "registered information systems"). The Payment Provisions did not have a separate compliance date, but neither the Bureau nor industry ever suggested that lenders would need so much time to prepare for those Provisions.

Fourth, extending the compliance date for 445 (or 286) days past judgment does not "reflect the parties' original bargain." ECF No. 99 at 4. The Bureau initially agreed to a 445-day extension of the stay post-judgment because the Underwriting Provisions were still in place at that time. The Bureau never suggested that such an extension would be warranted even if the Underwriting Provisions were repealed (as they ultimately were).

3

Finally, declining (again) to extend the stay well past final judgment will not make Plaintiffs' members "worse off than before the stay." ECF No. 99 at 1. When they first sought the stay, Plaintiffs had 445 days left to come into compliance. They have now had 1,173 days since then (and nearly four years since the Rule was first published) to prepare. They cannot now complain if some of their members did not take advantage of the additional time.

Under the Administrative Procedure Act, agencies need only provide 30 days' notice to give "affected parties a reasonable time to adjust their behavior before [a] final rule takes effect." *City of Arlington v. FCC*, 668 F.3d 229, 245 (5th Cir. 2012) (internal quotation marks omitted); 5 U.S.C. § 553(d). The Court should follow that guideline and extend the stay of the compliance date for no more than 30 days past the Court's decision on summary judgment.

## II. The Bureau Need Not Undertake a New Rulemaking to Set a New Compliance Date

Plaintiffs' contention that the Bureau "will need to set a new compliance date via notice-and-comment rulemaking" is likewise baseless. ECF No. 99 at 4-5. While Plaintiffs no doubt would like a new rule to challenge, the Bureau need not set a new compliance date because there is no basis to set aside the original one (or any other aspect of the Rule). To be sure, the compliance date will not actually take effect until the Court lifts the stay—but it is wholly within this Court's power to decide when its stay will expire.

## III. There Is No Basis to Maintain the Stay Pending Appeal

Finally, the Court should deny Plaintiffs' cursory request that the Court maintain the compliance-date stay pending appeal. There is no longer any basis for the stay for the reasons set forth in the Bureau's motion to lift the stay of the compliance date. ECF Nos. 95, 100. Plaintiffs have not presented even a substantial case on the merits (a fact that the Fifth Circuit's decisions in pending cases will not change, *see* ECF No. 94), and the modest compliance costs

that Plaintiffs' members face do not come close to outweighing the Bureau's and the public's interest in having the Payment Provisions' important consumer protections finally take effect.

## **CONCLUSION**

If the Court grants summary judgment to the Bureau, it should extend the compliance-date stay for no longer than 30 days after final judgment.

Dated: August 16, 2021    Respectfully submitted,

STEPHEN VAN METER
Acting General Counsel

STEVEN Y. BRESSLER
Acting Deputy General Counsel

 /s/ Kristin Bateman
KRISTIN BATEMAN (Cal. Bar No. 270913)
KEVIN E. FRIEDL (NY Bar No. 5240080)
KAREN BLOOM (DC Bar No. 499425)
Attorneys
Consumer Financial Protection Bureau
1700 G Street, NW
Legal Division
Washington, DC 20552
Telephone: (202) 435-7821
Fax: (202) 435-7024
Kristin.Bateman@cfpb.gov

*Counsel for Defendants Consumer Financial Protection Bureau and David Uejio*

# CERTIFICATE OF SERVICE

I hereby certify that on August 16, 2021, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will send notification of such filing to the following:

Michael A. Carvin
Christian G. Vergonis
Jones Day
51 Louisiana Ave., NW
Washington, DC 20001-2113

Laura Jane Durfee
Jones Day
2727 N. Harwood
Dallas, TX 75201

                                          /s/ Kristin Bateman
                                          Kristin Bateman
                                          *Counsel for Defendants*