IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | |
|---|---|
| COMMUNITY FINANCIAL SERVICES ASSOCIATION OF AMERICA, LTD., *et al.*, <br><br> *Plaintiffs,* <br><br> v. <br><br> CONSUMER FINANCIAL PROTECTION BUREAU, *et al.*, <br><br> *Defendants.* | Civil Action No. 1:18-cv-295 |

**DEFENDANTS' OPPOSITION TO PLAINTIFFS' MOTION TO
EXTEND STAY OF COMPLIANCE DATE PENDING APPEAL**

This Court's order upholding the validity of the Payments Provisions of the Bureau's "Payday, Vehicle Title, and Certain High-Cost Installment Loans" Rule provided that the compliance date of those provisions would remain stayed for 286 days following the Court's order. Plaintiffs now seek to extend that stay for the year or more it may take to resolve their appeal in this case.

The Court should deny that motion. Plaintiffs have not shown any warrant for further delay of the important consumer protections in the Payments Provisions. Their central argument that the "Rule was void *ab initio*" and must be set aside, First Am. Compl. ¶ 95 (ECF No. 76), is contrary to the Supreme Court's decision in *Collins v. Yellen*, 141 S. Ct. 1761 (2021), as this Court correctly held. That argument is unlikely to succeed on appeal. The equities also do not support Plaintiffs' request to more than double the 286-day stay that this Court previously found sufficient. The compliance costs of the Payments Provisions are modest, and Plaintiffs' members have already had nearly four years to prepare. Meanwhile, the public interest will be significantly

1

harmed if lenders are given an extra year to continue engaging in the unfair and abusive practice that the Rule prohibits. Such a delay would cause serious harm to ordinary borrowers, many of whom are already facing financial difficulties, including by triggering substantial fees and even involuntary closure of their bank accounts.

No good cause exists for the Court to further extend the stay of the compliance date.

## BACKGROUND

Plaintiffs sued to challenge the Payments Provisions of the Bureau's "Payday, Vehicle Title, and Certain High-Cost Installment Loans" Rule, which the Bureau issued in 2017. *See* 82 Fed. Reg. 54472 (Nov. 17, 2017). The Payments Provisions provide two main protections for borrowers of covered loans. First, they require lenders to provide consumers with advance notice about certain upcoming withdrawals from their accounts that consumers may not expect. 12 C.F.R. § 1041.9. Second, they prohibit lenders from continuing to attempt to withdraw payment directly from a consumer's account in circumstances where the attempt would likely result in substantial fees for the already financially distressed consumer, without much chance of resulting in payment for the lender. *See id.* § 1041.8.

As initially promulgated, the Rule gave covered lenders 21 months—or until August 2019—to come into compliance. 82 Fed. Reg. at 54472. That compliance obligation was stayed by order of the Court. *See* Order of Nov. 6, 2018 (ECF No. 53).

The Court granted judgment to the Bureau on August 31, 2021, upholding the validity of the Payments Provisions. *See* Order on Cross-Mots. for Summ. J. (ECF No. 103) ("S.J. Order"). The Court held that Plaintiffs' central argument that the Rule was invalid when issued (because the Bureau Director was, at that time, purportedly insulated from at-will removal by the President) was "incorrect" and "not persuasive" under the Supreme Court's decisions in *Collins*

2

and *Seila Law LLC v. CFPB*, 140 S. Ct. 2183 (2020). *See* S.J. Order at 6-10, 17-18. The Court also rejected Plaintiffs' other arguments, including their claims under the Administrative Procedure Act that the Rule was arbitrary and capricious, rested on a faulty analysis of the benefits and costs it would produce, and was not issued in accordance with required procedures. The Court concluded that some of these arguments were "barebones" and "baseless." *Id.* at 22.

In its Order, the Court determined that the Rule's compliance date would remain stayed for an additional 286 days, or until June 2022. *Id.* at 23-24. In doing so, it rejected Plaintiffs' argument that the stay should continue in place for 445 days.

**ARGUMENT**

In considering Plaintiffs' request to dramatically extend the already-lengthy stay of the compliance date, four factors are relevant: "(1) whether the stay applicant has made a strong showing that [it] is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other parties interested in the proceeding; and (4) where the public interest lies." *Texas v. EPA*, 829 F.3d 405, 424, 435 (5th Cir. 2016) (quoting *Nken v. Holder*, 556 U.S. 418, 426 (2009)). "'A stay is not a matter of right, even if irreparable injury might otherwise result' to the appellant." *Id.* at 424 (quoting *Nken*, 556 U.S. at 433). These factors do not support extending the stay.

**A. Plaintiffs Have Not Established a Likelihood of Success or Substantial Case on the Merits**

To justify the extension they seek, Plaintiffs must "ma[k]e a strong showing that [they are] likely to succeed on the merits" of their appeal. *Id.* Plaintiffs do not attempt to argue that they could meet this standard and thus have effectively conceded the point. They claim only that they have a "substantial case on the merits." But that less-stringent standard is reserved for cases where "the balance of equities *heavily* favors a stay." *Weingarten Realty Investors v. Miller*, 661

F.3d 904, 910 (5th Cir. 2011) (emphasis added). For the reasons explained below, the equities here do not favor Plaintiffs at all—let alone "heavily"—and thus the ordinary standard applies. In any event, because Plaintiffs have not shown even a "substantial case on the merits," an extension of the stay is not warranted under either standard.

Plaintiffs' motion focuses on their claim that the Rule had to be set aside because it was issued while the Bureau Director was purportedly shielded from at-will removal. Pls.' Mot. for Stay at 2-3 (ECF No. 107) ("Mot."). What Plaintiffs characterize as "vexing remedial issues" relating to that claim are anything but. As this Court already concluded, the Supreme Court's decision in *Collins* rejected the very same argument that Plaintiffs made here: that agency actions are rendered void by an unlawful restriction on removal of an agency official. *Collins*, 141 S. Ct. at 1787 (holding that because "[a]ll the officers who headed the FHFA during the time in question were properly appointed," "there is no reason to regard any of the actions taken by the FHFA in relation to the third amendment as void"); *see also id.* at 1789 (Thomas, J., concurring) (explaining why an unconstitutional removal restriction does not render an agency's action void).

*Collins* held that it was "possible" that the challengers could obtain some type of relief, but only if they could show that the invalid removal restriction itself actually caused "harm." *Id.* at 1788-89 (majority op.). Here, Plaintiffs can show no harm that would entitle them to the relief they seek (not having to comply with the Payments Provisions in the future) because a Director subject to the President's plenary supervision expressly ratified those Provisions *after* the relevant removal provision was held invalid in *Seila Law*. Moreover, as this Court noted, the disposition in *Seila Law*—remand for consideration of the Bureau's ratification—was wholly inconsistent with Plaintiffs' view that an invalid removal restriction renders agency action void and incapable of ratification. *See* S.J. Order at 6-7.

4

The fact that the en banc Fifth Circuit is considering similar issues on remand in *Collins* and in *CFPB v. All American Check Cashing*, No. 18-60302, does not establish that Plaintiffs here are likely to succeed, or even have a substantial case. *Contra* Mot. at 3. The Fifth Circuit granted en banc rehearing in *Collins* and *All American* well before the Supreme Court issued its ruling in *Collins* and even before the decision in *Seila Law*. Thus, the Fifth Circuit's prior conclusions that *Collins* and *All American* met the standard for en banc review under Fed. R. App. P. 35 cast no light on whether Plaintiffs are likely to succeed (or even have a "substantial case") at this point. Indeed, even before the Supreme Court's decision in *Collins* made clear that agency actions are not rendered void by an invalid removal restriction, the en banc Fifth Circuit had already reached a similar conclusion and declined to set aside the agency action being challenged in that case. *See* 938 F.3d 553, 594 (5th Cir. 2019) (en banc) (explaining that to invalidate the challenged action based on an unconstitutional removal restriction "would wipe out an action approved or ratified by two different Presidents' directors under the guise of respecting the presidency; how does that make sense?"), *aff'd in part, vacated in part, rev'd in part*, 141 S. Ct. 1761 (2021). *See also Collins*, 141 S. Ct. at 1802 (Kagan, J., concurring in part and concurring in the judgment) ("As I read the opinion below, the Court of Appeals already considered and decided the issue remanded today. … I join the Court's opinion on the understanding that this litigation could speedily come to a close.").

The Fifth Circuit is not alone, either. Those courts of appeals that have considered arguments similar to Plaintiffs' have unanimously rejected them—even before the Supreme Court's ruling in *Collins* cut the legs out from under Plaintiffs' claim. *See, e.g.*, *Moose Jooce v. FDA*, 981 F.3d 26 (D.C. Cir. 2020), *cert. denied*, 2021 WL 2637861 (U.S. June 28, 2021); *CFPB v. Gordon*, 819 F.3d 1179 (9th Cir. 2016), *cert. denied*, 137 S. Ct. 2291 (2017); *McKinney v.*

*Ozburn-Hessey Logistics, LLC*, 875 F.3d 333 (6th Cir. 2017); *Advanced Disposal Servs. E., Inc. v. NLRB*, 820 F.3d 592 (3d Cir. 2016). And numerous courts have reached the same conclusion specifically with respect to the Bureau's post-*Seila* ratifications. *See, e.g.*, *CFPB v. Seila Law LLC*, 984 F.3d 715 (9th Cir. 2020) (holding that Bureau had validly ratified enforcement action following Supreme Court's ruling that removal restriction was invalid), *rehearing en banc denied as amended*, 997 F.3d 837 (2021); *CFPB v. Citizens Bank, N.A.*, 504 F. Supp. 3d 39 (D.R.I. 2020) (same); *CFPB v. Fair Collections & Outsourcing, Inc.*, No. 8:19-cv-02817, 2020 WL 7043847 (D. Md. Nov. 30, 2020) (same). Plaintiffs thus err in suggesting there is "a lack of precedent to clarify the issues at bar." Mot. at 3. There is significant precedent in this area; it supports the conclusion this Court reached in rejecting Plaintiffs' claim.

In short, Plaintiffs' central argument is contradicted by recent Supreme Court precedent, the prior reasoning of the en banc Fifth Circuit in *Collins*, and the unanimous view of the other courts of appeals to have considered these issues. Plaintiffs have offered no relevant case law to the contrary and no persuasive reason why ratification of the Payments Provisions by a Director who was indisputably removable at will did not fully resolve their objection to the statutory removal restriction. This factor does not support Plaintiffs' request to extend the stay.[1]

### B. The Balance of Equities Weighs Heavily Against Extending the Stay

Plaintiffs' inability to satisfy the first factor is itself reason for the Court to deny their motion. *Cf. Big Tyme Invs., LLC v. Edwards*, 985 F.3d 456, 464 (5th Cir. 2021) ("If the party requesting a preliminary injunction *cannot* show a substantial likelihood of success on the merits,

---

[1] Plaintiffs fail to develop any argument with respect to their other claims, summarily asserting that those claims "likewise present substantial questions." Mot. at 3. Plaintiffs thus have not met their burden (nor could they) to show that these claims are likely to succeed, or even present a substantial case. *See generally Nken*, 556 U.S. at 433-34 ("The party requesting a stay bears the burden of showing that the circumstances justify an exercise of that discretion.").

6

the injunction should be denied and there is no need for the court to address the other requirements for a preliminary injunction."). In any event, the remaining stay factors do not support Plaintiffs' request for lengthy additional delay.

    1.    Plaintiffs have not shown that the irreparable harm factor justifies an extension of the stay. The Payments Provisions impose only modest requirements on lenders: They must provide certain disclosures, and they must obtain additional authorization before making certain attempts to withdraw payment that would not likely succeed anyway. Plaintiffs have never established that their compliance costs would be significant. And at this point, Plaintiffs could not credibly claim that their members have lacked adequate time to prepare. Indeed, Plaintiffs previously conceded that 286 days would give them a "reasonable" implementation period. Pls.'s Opp'n to Defs.' Cross-Mot. for Summ. J. at 18 (ECF No. 84). In granting Plaintiffs' request— and rejecting their alternative request for 445 days—the Court appears to have agreed. Plaintiffs offer nothing new in their motion that should lead the Court to reconsider that conclusion now. Even without further delay, the existing stay means that lenders will have had 1,669 days from the date of the Rule's publication in the Federal Register to prepare for compliance with the Payments Provisions. In any event, it is well established that "'[a] stay is not a matter of right, even if irreparable injury might otherwise result' to the appellant." *Texas v. EPA*, 829 F.3d at 424 (quoting *Nken*, 556 U.S. at 433).

    2.    On the other side of the balance, further postponing the Payments Provisions would harm the Bureau's and the public's interest in having those Provisions' important protections take effect. The Payments Provisions guarantee consumers advance notice about upcoming account withdrawals that they may not expect and protect consumers (who are likely already experiencing financial difficulty) from substantial fees and other harms. In issuing these

Provisions, the Bureau found that, in contrast to lenders in other markets, lenders of loans covered by the Payments Provisions often repeatedly try to withdraw payment even after initial attempts fail. 82 Fed. Reg. at 54720-21. Each failed attempt causes consumers to incur significant fees—including nonsufficient funds fees, overdraft fees, and lender-imposed return fees—and makes it more likely that the bank will involuntarily close the consumer's account, potentially cutting off the consumer's access to the banking system. *Id.* at 54725-26. The Bureau further determined that it was very difficult for consumers to guard against these significant and continually mounting fees and other harms by blocking lenders' account access. *Id.* at 54737. What Plaintiffs describe benignly as "[p]reserving the status quo" means preserving lenders' ability to engage in an unfair and abusive practice that hurts ordinary borrowers (and without even producing significant benefit for lenders). *See* Mot. at 6.

Plaintiffs have not come close to showing why the Court should allow these harms to continue for an additional year or more while they press arguments about a removal restriction that did not apply to the Director who ratified the Payments Provisions and that was "never really part of the body of governing law" in the first place. *Collins*, 141 S. Ct. at 1788. Plaintiffs' motion does not even acknowledge these harms. Instead, it alleges, implausibly, that the Payments Provision "will significantly alter the public's access to affordable credit during a global pandemic." Mot. at 6. Plaintiffs provide no evidence that actually supports that claim. To the contrary, the Bureau determined in issuing the Payments Provisions that they will not impose significant new costs on lenders or consumers. 82 Fed. Reg. at 54847-50. (And Plaintiff CFSA said nothing at all about the compliance costs of the Payments Provisions—let alone suggest that they would cut off access to credit—in its nearly-100-page comment letter on the proposed rule. *See* Appx.44-139 (Doc. ID CFPB-2016-0025-142779).) At the same time, the Payments

8

Provisions will significantly benefit consumers. 82 Fed. Reg. at 54847-50. While Plaintiffs clearly disagree with the Bureau's reasoned assessment of the benefits and costs of the Rule, the Court properly rejected their challenge to this part of the Rule, including noting that Plaintiffs "have presented no evidence why [the withdrawal attempts that the Rule prohibits] help consumers." S.J. Order at 10, 11, 14-15.

Finally, Plaintiffs note (1) that the Rule has not yet gone into effect and (2) that the Bureau previously supported a request to stay the original Rule, which included the far more significant Underwriting Provisions that have since been repealed, while it reconsidered the Rule through notice-and-comment rulemaking. Mot. at 6. The fact that the Payments Provisions have not yet taken effect, nearly four years after they were issued, militates *against* extending the stay any further; it does not justify further delay. And the Bureau's support for a stay in 2018, while the Bureau was undertaking notice-and-comment rulemaking that would eventually result in the repeal of significant parts of the original Rule, hardly justifies a stay at this point. The law concerning Plaintiffs' main claim has developed significantly since that point, and the equities have shifted radically. What is more, the Bureau long ago made clear it had decided not to revisit the Payments Provisions through rulemaking, it intended those Provisions to go into effect, and it opposed further delay to lenders' obligations to begin complying with the Provisions. *See, e.g.*, Jt. Status Report of July 24, 2020 at 3 (ECF No. 71).

## CONCLUSION

The Court should deny Plaintiffs' request to extend the existing 286-day stay of the Payments Provision.

Dated:  September 23, 2021                  Respectfully submitted,

STEPHEN VAN METER
Acting General Counsel

STEVEN Y. BRESSLER
Acting Deputy General Counsel

KRISTIN BATEMAN
Acting Assistant General Counsel

/s/ Kevin E. Friedl
KEVIN E. FRIEDL (NY Bar No. 5240080)
KAREN BLOOM (DC Bar No. 499425)
   *Senior Counsel*
Consumer Financial Protection Bureau
1700 G Street NW
Washington, DC 20552
Telephone: (202) 435-9268
Fax: (202) 435-7024
kevin.friedl@cfpb.gov

*Counsel for Defendants*

**CERTIFICATE OF SERVICE**

      I hereby certify that on September 23, 2021, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will send notification of such filing to the following:

Michael A. Carvin
Christian G. Vergonis
Jones Day
51 Louisiana Ave. NW
Washington, DC 20001-2113

Laura Jane Durfee
Jones Day
2727 N. Harwood
Dallas, TX 75201

                                                /s/ Kevin E. Friedl
                                                Kevin E. Friedl
                                                *Counsel for Defendants*