IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | |
|---|---|
| COMMUNITY FINANCIAL SERVICES ASSOCIATION OF AMERICA, LTD. *et al.*, <br><br> Plaintiffs, <br><br> v. <br><br> CONSUMER FINANCIAL PROTECTION BUREAU *et al.*, <br><br> Defendants. | Civil Action No. 1:18-cv-295 |

**REPLY IN SUPPORT OF PLAINTIFFS'
OPPOSED MOTION FOR STAY PENDING APPEAL**

As previously explained, Plaintiffs have presented a substantial case on the merits, and the balance of equities heavily favors a stay given this Court's own (correct) determination that Plaintiffs are entitled to maintenance of the status quo, including the time to come into compliance, while these issues are being litigated. *See* ECF No. 107 ("Mot."). In opposition, the Bureau rehashes arguments already considered by this Court, and claims, without evidence, that the Rule must take effect now. *See* ECF No. 110 ("Opp'n").

There is no reason to reweigh the equities that this Court has consistently balanced in favor of orderly judicial review. This Court has already correctly concluded that the equities support staying the rule for 286 days following the resolution of Plaintiff's claims. And now that Plaintiffs have appealed, the resolution of this case is no longer the date of *this Court's* final order, but instead will occur when the Fifth Circuit issues its decision. The logic of the Court's stay order—avoiding implementation and compliance costs while the case plays out—therefore supports extension of the stay until 286 days after the appeal is resolved.

Ignoring this, the Bureau cursorily claims that there is no harm to upending the status quo because this modest extension of the stay "would harm the Bureau's and the public's interest in having those Provisions' important protections take effect." Opp'n at 7. But the baseless claim that the status quo is so harmful to consumers is belied by the Bureau's having acceded to a stay of compliance for the past several years. *See also Barber v. Bryant*, 833 F.3d 510, 511 (5th Cir. 2016) ("the maintenance of the status quo is an important consideration in granting a stay").

More fundamentally, the Bureau's balancing ignores Plaintiffs' irreparable harm, on which Plaintiffs have consistently carried their burden. The Bureau superficially suggests, with no evidence, that compliance costs are "modest." Opp'n at 1. But it still refuses to address Plaintiffs' declaration to the contrary, which explains why costs are substantial and significant. *See* Ovenden Decl., ECF No. 84-1, ¶¶ 1–10. In any event, "when the threatened harm is more than de minimis, it is not so much the magnitude but the *irreparability* that counts for purposes of" temporary relief. *Dennis Melancon, Inc. v. City of New Orleans*, 703 F.3d 262, 279 (5th Cir. 2012) (cleaned up) (emphasis in original). And the Bureau does not dispute that the harms here are irreparable given sovereign immunity.

Given this balance of equities, the "substantial case on the merits" standard clearly applies to the serious legal questions presented. The Bureau minimizes the Fifth Circuit's ongoing en banc consideration of the constitutional remedial questions at issue in this case by irrelevantly noting that the "Fifth Circuit granted en banc rehearing in *Collins* and *All American* well before the Supreme Court issued its ruling in *Collins* and even before the decision in *Seila Law*." Opp'n at 5. Yet if the Fifth Circuit truly thought these constitutional remedial questions no longer present serious legal questions, or agreed with the Bureau on the merits, it could have summarily ruled in the Bureau's favor or remanded back to the panels. Instead, the en banc Fifth Circuit requested

supplemental briefing in both cases to be considered by the full Court. The Bureau may be weary of litigating these issues, but the Fifth Circuit still believes they present "question[s] of exceptional importance," Fed. R. App. P. 35(a), which warrant the "serious call on limited judicial resources," that en banc review requires, 5th Cir. R. 35.1.

On the merits, the Bureau echoes this Court's reasoning, but functionally ignores the applicable "substantial case on the merits" standard. Respectful of this Court's resources and its prior consideration of the merits, Plaintiffs have not sought to relitigate issues recently decided. Indeed, "[i]f a movant were required in every case to establish that the appeal would probably be successful, the Rule would not require as it does a prior presentation to the district judge whose order is being appealed. That judge has already decided the merits of the legal issue." *Ruiz v. Estelle*, 650 F.2d 555, 565 (5th Cir. Unit A June 1981). There simply is no need for this Court to further review the merits before granting a stay. *See United States v. Baylor Univ. Med. Ctr.*, 711 F.2d 38, 39 (5th Cir. 1983).

## CONCLUSION

For the reasons set forth herein and in Plaintiffs' motion, Plaintiffs respectfully ask this Court to extend the stay of the compliance date of the payments provisions until 286 days after their appeal of this Court's orders is fully and finally resolved. Plaintiffs further respectfully request a decision on this motion by Monday, September 27, 2021.

Dated: September 24, 2021                                  Respectfully submitted,


                                                           */s/Laura Jane Durfee*
                                                           MICHAEL A. CARVIN
                                                             D.C. Bar No. 366784
                                                             Admitted *pro hac vice*
                                                             macarvin@jonesday.com
                                                           CHRISTIAN G. VERGONIS
                                                             D.C. Bar No. 483293
                                                             Admitted *pro hac vice*
                                                             cvergonis@jonesday.com
                                                           **JONES DAY**
                                                           51 Louisiana Avenue NW
                                                           Washington, DC 20001
                                                           Telephone: (202) 879-3939
                                                           Facsimile: (202) 626-1700

                                                           LAURA JANE DURFEE
                                                             Texas Bar No. 24069653
                                                             ldurfee@jonesday.com
                                                           **JONES DAY**
                                                           2727 North Hardwood Street
                                                           Dallas, TX 75201
                                                           Telephone: (214) 220-3939
                                                           Facsimile: (214) 969-5100

                                                           *Counsel for Plaintiffs*

## CERTIFICATE OF SERVICE

      I hereby certify that on the 24th day of September 2021, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will send notification of such filing to all counsel of record.

Dated: September 24, 2021

                                                               */s/Laura Jane Durfee*
                                                               Laura Jane Durfee