IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

FILED
2021 SEP 30 PM 3: 33
CLERK, US DISTRICT COURT
WESTERN DISTRICT OF TEXAS
BY _____

| | | |
|---|---|---|
| COMMUNITY FINANCIAL SERVICES ASSOCIATION OF AMERICA, LTD., ET AL., PLAINTIFFS, | § § § § § | |
| V. | § § | CAUSE NO. A-18-CV-00295-LY |
| CONSUMER FINANCIAL PROTECTION BUREAU, ET AL., DEFENDANTS. | § § § § | |

**ORDER**

Before the court is the above-styled and numbered cause by which Plaintiffs Community Financial Services Association of America and others (collectively the "Associations") challenged the validity of the Consumer Financial Protection Bureau's ("Bureau") ratified Payment Provisions of the Bureau's "Payday, Vehicle Title, and Certain High-Cost Installment Loans" Rule ("Rule") that had a compliance date of August 19, 2019. 85 Fed. Reg. 41,905-02 (July 13, 2020) (the "Ratification"). The court rendered an Order on Cross-Motions for Summary Judgment that granted the Bureau's motion, denied the Associations' motion, and rendered a Final Judgment on August 31, 2021 (Docs. ##103 & 104). In summary, the court determined that the ratified Payments Provisions of the Rule were valid. Additionally, the order stayed the Payments Provisions' August 19, 2019 compliance date until 286 days after August 31, 2021, at which time the stay will expire.

On September 9, 2021, Plaintiffs filed a Notice of Appeal as to the court's order and final judgment (Doc. #106). Now pending is the Associations' Plaintiffs' Opposed Motion For Stay Pending Appeal filed September 9, 2021 (Doc. #107), Defendants' Opposition to Plaintiffs' Opposed Motion For Stay Pending Appeal filed September 23, 2021 (Doc. #110), and Plaintiffs' Reply in

Support of Plaintiffs' Opposed Motion For Stay Pending Appeal filed September 24, 2021 (Doc. #111). The Associations seek an order extending the stay of the August 19, 2019 compliance date "until 286 days after [the Associations'] appeal of this court's judgment and order is fully and finally resolved." *See* Fed. R. App. P. 8(a)(1). The Bureau opposes the request.

Four factors are relevant when courts consider a request for a stay pending resolution of an appeal: "(1) whether the [Associations have] made a strong showing that [they are] likely to succeed on the merits; (2) whether the [Associations have] will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other parties interested in the proceeding; and (4) where the public interest lies." *Nken v. Holder*, 556 U.S. 418, 434 (2009). Additionally, "[a] stay is not a matter of right, even if irreparable injury might otherwise result." *Id.* at 433. A court's decision to grant a stay pending appeal is "an exercise of jurisdictional discretion," and "[the] propriety of its issue is dependent upon the circumstances of the particular case." *Id.* The party requesting a stay bears the burden of showing that the circumstances justify an exercise of that discretion. *Id.*

Having considered the motion, response, reply, the case file, and the applicable law, the court concludes that the Associations have failed to make a sufficient showing to warrant a stay pending resolution of the appeal. In making this determination, the court has considered the four factors related to the decision to stay the compliance date pending resolution of the appeal. Additionally, the court finds that the equities do not support extending the stay of the compliance date beyond the court's 286-day stay from August 30, 2021.

**IT IS ORDERED** that the Associations' Plaintiffs' Opposed Motion For Stay Pending Appeal filed September 9, 2021 (Doc. #107) is **DENIED**.

SIGNED this __30th__ day of September, 2021.

_____
LEE YEAKEL
UNITED STATES DISTRICT JUDGE